AYRES, Judge.
Plaintiff, the divorced wife of defendant, brought this action to amend a judgment rendered by the First Judicial District Court, Caddo Parish, Louisiana, which recognized a divorce between the parties granted by an Arkansas court and which awarded custody of Kathryn Mary Cromwell, minor daughter of the marriage, to plaintiff and custody of Clarence Daniel (“Danny”) Cromwell, minor son of the marriage, to defendant. This judgment made no provisions for child support.
In this action, plaintiff seeks to have the custody of Danny Cromwell awarded to her, prays to be awarded child support in the amount of $75 per month for each child, and seeks to have defendant’s visitation privileges with his daughter reduced. Judgment was rendered and signed reducing defendant’s visitation privileges to reasonable visitation and rejecting plaintiff’s demands for custody of Danny Cromwell and for child support. Plaintiff appeals from that part of the judgment rejecting her demands, that is, for custody of Danny Cromwell and for child support. As defendant has neither appealed nor answered plaintiff’s appeal, that portion of the judgment limiting his visitation privileges with his minor daughter is not before this court.
Plaintiff-appellant contends that the trial court erred by not awarding her custody of Danny Cromwell. It was shown that at the time of trial Danny was almost 19 years of age. He graduated from high school in May, 1970, and attended Louisiana Tech that summer. He entered Northwestern State University in the fall of *692 1970; however, he failed to meet attendance requirements and was dismissed from that school. Defendant paid tuition and expenses at both of these schools. After Danny was dismissed from Northwestern, defendant would not pay for him to attend another school until he worked for one semester, at least, and earned some money. Danny was unwilling or unable to find employment. He continued to live with defendant until about two months prior to trial, when he moved in with plaintiff-appellant. At the time of trial, Danny was attending Louisiana Tech and planning to reside with plaintiff-appellant when not in school. Plaintiff-appellant paid his tuition to Louisiana Tech. Defendant testified he wanted Danny to live with him.
When one seeks to have an award of custody modified, “it is incumbent upon the party requesting the modification to prove that the conditions under which the children are living are detrimental to their interests and further that the applicant can and will provide a good home and better environment if given their custody.” Decker v. Landry, 227 La. 603, 80 So.2d 91, 92 (1955). This has been referred to as the “double burden” of proof incumbent upon a party seeking to modify an award of custody. Wells v. Wells, 180 So.2d 580 (La. App., 3d Cir. 1965).
We do not find any evidence in the record to establish that Danny’s living with his father is detrimental to his best interest. Plaintiff-appellant has failed to meet the “double burden” of proof, and the trial court was correct in rejecting her request for custody of Danny Cromwell.
Plaintiff-appellant also contends that the trial court erred in not awarding child support in the amount of $75 per child. As we have determined that Danny Cromwell should remain in the custody of defendant, we must only decide whether plaintiff should be granted child support for Kathryn Mary Cromwell, now 14 years of age.
The evidence established that both plaintiff and defendant have remarried since their divorce. They are employed as teachers by the School Boards of Bossier and Caddo Parishes, respectively.
When plaintiff-appellant and defendant were divorced, each agreed to support the child placed in his custody. Our review of the record discloses no change in the ability of plaintiff-appellant to support Kathryn Mary Cromwell. Plaintiff-appellant is employed and earns almost the same amount as defendant. We find no reason to order defendant to pay child support when plaintiff-appellant is financially able to support the one child in her custody, particularly in view of the fact that defendant has custody of the other child and is responsible for his support.
For the reasons assigned above, the judgment is affirmed at plaintiff-appellant’s costs.
Affirmed.