HENDRY, Judge.
In this appeal from a final judgment of dissolution of marriage the appellant wife challenges the financial provisions of the decree. We affirm.
The parties herein were married in 1951 and three children exist of the marriage, ages 18, 16 and 13. During the course of the husband’s many business ventures, some successful and some failures, the appellant alleged that she had, by her work, advice and finances, established a special equity in the husband’s property. The trial judge, upon hearing all of the evidence in this cause, dissolved the parties’ marriage. In addition, the wife was awarded the custody of the parties’ minor children, alimony of $1,000 a month (decreasing to $600 per month when support of the last child ends) and a lump sum alimony award of the marital home and car. The husband was also obligated to provide health, accident and major medical insurance for the children, and to pay for their tuition, books and fees at a state college (or to contribute a like sum of money if the children attended a private or out of state institution). Moreover, the husband was obligated to pay $200 a' month per child ($600 total) for child support but was allowed to claim the two older children as tax deductions. The wife was denied a special equity in the husband’s estate, but was allowed to take the youngest child as a tax deduction.
The appellant wife contends that the lower court erred in failing to award her a special equity, and abused its discretion in the amounts provided for alimony and child support and in allowing the husband to claim two of the children as tax deductions. The appellee husband claims error, by cross-assignment, in the trial court’s order allowing the appellant to take the youngest child as a deduction and in awarding the wife the marital home as lump sum alimony.
We are of the belief that no useful purpose would be served in setting out the evidence presented in this cause. However, we have carefully considered the record, briefs and arguments of counsel and have concluded that no reversible error has been made to appear to support any of the parties’ claims of error. The record fails to reflect any error in the trial court’s determination, based on the evidence before him, that the appellant wife had failed to sustain the burden of proof required to establish a special equity in the husband’s property. Singer v. Singer, Fla.App.1972, 262 So.2d 731; Tanner v. Tanner, Fla.App.1967, 194 So.2d 702. Moreover, the appellant and appellee have failed to demonstrate any abuse of the chancellor’s discretion or misuse of his power with regard to any of the remaining financial provisions of the decree. King v. King, Fla.App.1973, 271 So.2d 159; see 26 U.S.C.A. § 152(e)(2).
*208 Therefore, for the reasons stated, the final judgment of dissolution of marriage appealed from is hereby affirmed.
Affirmed.