Carolyn J. ROBERTS,
Petitioner-Appellant,

v.

William L. ROBERTS,
Defendant-Respondent.

No. 37965.

Missouri Court of Appeals,
St. Louis District,
Division Two.

May 24, 1977.

Donald R. Rhodes, Bloomfield, for petitioner-appellant.

Alice L. C. Kramer, Hillsboro, for defendant-respondent.

REINHARD, Judge.

Petitioner Carolyn J. Roberts appeals from the decree dissolving her marriage to respondent William L. Roberts. There is no challenge by her as to that part of the order dissolving the marriage, providing child custody, or dividing the marital property. She contends the court erred in the amount it awarded her for child support; in awarding respondent the income tax deduction for the three children; and in failing to allow her attorney's fees.

The trial court set off the following marital property to petitioner: 1974 Maverick (subject to lien), all the household furnishings, and one-half the proceeds of the sale of the house. The husband was awarded by the court: one-half the proceeds of the sale of the house, a 1970 Ford pickup, camping equipment, a boat, motor and trailer. The court gave primary custody of the minor children to petitioner. Respondent was given temporary custody twenty-six weekends per year, every other holiday, and two weeks during the summer vacation period. He was ordered to pay child support in the amount of $20.00 per week per child.

■ The trial court's judgment must be sustained by this court "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy v. Carron*, 536 S.W.2d 30, 32[1] (Mo.banc 1976). We affirm.

The parties were married in 1959. Three children were born of the marriage, ages 14, 10 and 4 at the date of trial. The wife worked outside the home during most of the marriage.

In 1973 the petitioner became a real estate sales person and in early 1975 received her Real Estate Broker's license. She was employed by Ozark Realty and for 1975 received gross real estate commissions in the amount of $8,402.17. Out of this she was required to pay her own Social Security, State and Federal Income Taxes. The husband is a production artist for CoMun Company in Fenton, and his take-home pay was $11,256.00 a year.

Section 452.340, RSMo., provides:
" * * * the court may order either or both parents owing a duty of support to a child of the marriage to pay an amount reasonable or necessary for his support, * * * after considering all relevant factors including:
(1) The father's primary responsibility for support of his child;
(2) The financial resources of the child;
(3) The financial resources of the custodial parent;

(4) The standard of living the child would have enjoyed had the marriage not been dissolved;
(5) The physical and emotional condition of the child, and his educational needs; and
(6) The financial resources and needs of the noncustodial parent."

■ The statute provides that among the factors to be considered is the father's primary responsibility to support the children, but the mother may also be called upon to provide support. The award of child support is a matter properly within the sound discretion of the trial court. *Larison v. Larison*, 524 S.W.2d 159, 161 (Mo.App.1975).

■ Respondent's total monthly expenses were approximately $550.00 not including child support. Petitioner testified to total monthly expenses for her and the children in the amount of between $814.00 and $833.00. She stated that the children's share of the expenses was "probably about half"; however, included in her total expenses were her own medical insurance premiums, auto insurance premium, transportation expenses, car payments and medical expenses. (Husband carries medical insurance on children.)

The court's award of $20.00 per week per child instead of $25.00 as requested by petitioner was not an abuse of discretion.

Petitioner requested that the trial court allow her to take the income tax exemption for the minor children; however, the court made this award to the respondent. She claims on appeal that the court was without jurisdiction to adjudicate which of the two parents is entitled to the allowable income tax exemption and that on making the order it abused its discretion. 26 U.S.C.A. § 152(e)(2), which was in effect at the time of the trial of this case, provides as follows:

"(2) Special rule.—The child of parents described in paragraph (1) shall be treated as having received over half of his support during the calendar year from the parent not having custody if—

"(A)(i) the decree of divorce or of separate maintenance, or a written agreement between the parents applicable to the taxable year beginning in such calendar year, provides that the parent not having custody shall be entitled to any deduction allowable under section 151 for such child, and

"(ii) such parent not having custody provides at least $600 for the support of such child during the calendar year, or * * *."[1]

This statute contemplates and gives recognition to a state court's order decreeing that the non-custodial parent shall be entitled to the allowable deduction for a child if the other requirements are made. This deduction is simply another factor in the financial relationship between the parties. The New Dissolution of Marriage Act contemplates our courts having jurisdiction over such matters in order to promote an orderly disposition of the financial relationship and help prevent further disputes between the parties.

 This issue is one of first impression in Missouri; however, similar court orders have been approved in other states. *Cromwell v. Cromwell,* 261 So.2d 690 (La. App.1972); *Rabinovich v. Rabinovich,* 276 So.2d 206 (Fla.App.1973). Circuit courts of Missouri routinely approve marriage settlements where the parents have agreed as to which one should take the income tax deduction. The court had jurisdiction to make the order as to the dependency exemption and did not abuse its discretion.

Finally, appellant complains of the court's failure to award attorney's fees. Section 452.355, RSMo, provides: "The court from time to time after considering all relevant factors including the financial resources of both parties *may* order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under sections 452.300 to 452.415 and for attorney's fees, * * *." (Emphasis added.)

The court ordered that both parties shall bear the cost of their own attorney's fees. The court further ordered that the respondent pay the court costs in the action. The trial court is given broad discretion in the matter of attorney's fees. *Larison v. Larison, supra; Carrell v. Carrell,* 503 S.W.2d 48 (Mo.App.1973). Based upon the evidence, we find no abuse of the court's discretion.

The decree of the trial court is affirmed.

McMILLIAN, P. J., and STEWART, J., concur.

---

1. 26 U.S.C.A. § 152(e)(2) was amended by the 1976 Tax Reform Act § 2139(a). By this amendment, the non-custodial parent must provide $1,200.00 per child.