**Elizabeth S. GUIGNON, Petitioner-Appellant,**

v.

**James C. GUIGNON, Respondent.**

No. 38075.

Missouri Court of Appeals, Eastern District, Division Three.

Feb. 14, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 13, 1979.

Application to Transfer Denied May 17, 1979.

Kenneth S. Lay, Tremayne, Lay, Carr & Bauer, Clayton, for petitioner-appellant.

REINHARD, Presiding Judge.

Petitioner, former wife of respondent, appeals from an order of the trial court which modified an order for child support. The child support was increased from $37.50 per week per child to $50.00 per week per child for each of the two children.

Parties were divorced in January, 1971. The motion was heard on December 31, 1975. At the time of the divorce petitioner was unemployed. In 1973 she became a real estate agent and testified that her gross 1975 income was approximately $8,200.00. Respondent's 1974 tax return shows a gross income of $34,000.00, which is about three times his income when divorced. Included in that income was a bonus of $10,200.00. In fact respondent had received a bonus every year from 1971 through 1974. In 1975, his base salary was $24,000.00. At the hearing on the motion to modify the child support, the Secretary-Treasurer of respondent's company testified that at that time it had not been determined whether respondent would get a bonus for 1975. The court entered its order on January 2, 1976. Findings of fact and conclusions of law were neither requested nor given. Petitioner filed a motion to amend judgment or for a new trial. This was overruled. Prior to the ruling on the motion to amend petitioner requested that the court reopen the evidence to prove the subsequent payment of a bonus in early 1976.

Petitioner contends that "[t]he trial court erred and abused its discretion in refusing to increase the child support paid to Petitioner above $50.00 per week because that allowance of child support is not commensurate with Respondent's present income and financial condition and is inadequate in the light of the children's needs."

Petitioner's main complaint centers around the fact that respondent's income has increased about 300% since the divorce but that the child support was increased by only ⅓. Further, petitioner notes that the evidence shows respondent's clear ability to pay a greater amount of child support.

■ In reference to petitioner's repeated citing of respondent's income as a base for the award, we note that an increase in a father's income is not, in itself, sufficient reason to modify the child support award. *In re Marriage of Engelhardt*, 552 S.W.2d 356, 358 (Mo.App.1977).

Our review of the conduct of the court is governed by the oft-quoted standards established in *Murphy v. Carron*, 536 S.W.2d 30 (Mo.banc 1976).

■ § 452.340 recites the various factors to be considered in allocating the responsibility for child support. It is significant that under § 452.340 RSMo (Supp. 1975), "[t]he financial resources and needs of the noncustodial parent" comprise just one of the relevant factors. Although the father is primarily liable for support, the mother may also be called upon for support. *Roberts v. Roberts*, 553 S.W.2d 305, 306 (Mo.App.1977). Moreover, the statutory factors to be considered in awarding child support are non-exclusive. *In re Marriage of Dodd*, 532 S.W.2d 885, 888 (Mo.App.1976).

Here the children, ages 7 and 10, live with their mother in a home owned by her. Her present husband also lives there. Petitioner is now employed and earning income. She also has income from a trust and has a greater "net worth" than the respondent. The Court increased the respondent's share of child support to $50.00 per week per child [$433.00 per month]. The petitioner admits that in addition to these sums, the respondent is providing for the educational and medical expenses of the children.

Petitioner claims needs for the children in the amount of $1,078.00 per month. Of this amount approximately $350 is for food, clothing, laundry and cleaning, "child care," haircuts, gifts, pet expenses, and allowance. She further claims approximately $103.00 to cover recreational expenses. The balance of approximately $600.00 is for rent and mortgage (including monthly pro-rata of property taxes, insurance, etc.), utilities, car operation, insurance installment contracts, household items, personal loans, appliance repairs, exterminator, firewood, payments needed for new car, payments needed for a washer, and house repairs.

■ The award of child support is a matter properly within the sound discretion of the trial court. *Roberts v. Roberts*, 553 S.W.2d at 306; *Larison v. Larison*, 524 S.W.2d 159, 161 (Mo.App.1975). Considering the evidence as to the reasonable needs of the children, as to the items included by petitioner in figuring those needs, and as to respondent's provision of both the educational and medical expenses of the children, we cannot find that the court abused its discretion in increasing the allowance to $50.00 per week per child.

■ Petitioner complains that the court erred in failing to reopen the evidence before it ruled on her motion to amend the judgment or to grant a new trial. She apparently would have shown that a bonus was paid to respondent in early 1976. The reopening of the evidence after Judgment but before ruling on the after-trial motions is within the discretion of the trial court.

The petitioner further claims that the court "erred in refusing to consider Respondent's past bonus income in fixing the allowance. . . ." Petitioner relies on *In re Marriage of Vanet*, 544 S.W.2d 236, 242 (Mo.App.1976), which states that the court may consider both past and anticipated earning capacity as a relevant factor in realistically assessing the proper amount of child support.

■ We have no quarrel with the holding in *Vanet*. In assessing the husband's capacity to pay child support, the court should consider a history of bonuses as a part of average income, unless there is evidence that such bonuses are unlikely to continue. At the time of the hearing, there was evidence that the defendant had received bonuses since 1971 and that the bonuses had averaged $416.00 per month through 1974. At the hearing, the only evidence as to a possible bonus for 1975 came from an office of respondent's company, offered by petitioner, who stated that no determination had been made as to a 1975 bonus. As previously stated, the court neither made nor was requested to make findings of fact and conclusions of law.[1] We must assume that the court considered the evidence before it in increasing the award of child support, and as stated above, we find no abuse of discretion in the court's action.

Affirmed.

CLEMENS and GUNN, JJ., concur.

---

1. Petitioner relies on the court's memorandum overruling her after-trial motion. Although the language in that memorandum is subject to differing constructions, we cannot interpret the court's statement as evidence that it failed to consider respondent's history of bonuses. We construe this language to be a reference to the petitioner's request to reopen the motion to receive evidence concerning a bonus allegedly paid subsequent to the hearing.