In re the MARRIAGE OF: Catherine Ann PINE, Petitioner-Appellant,

and

Charles Stephen Pine, Respondent.

No. WD32300.

Missouri Court of Appeals, Western District.

Dec. 8, 1981.

Betsy Ann T. Stewart, Independence, for petitioner-appellant.

Quinn, Peebles, Beaird & Cardarella, John Pat Burnett, Kansas City, for respondent.

Before NUGENT, P. J., and DIXON and LOWENSTEIN, JJ.

DIXON, Judge.

Catherine Ann Pine appeals from a dissolution of marriage judgment. She contends that the division of marital property was inequitable and that the amount of child support awarded was inadequate.

Catherine Ann Pine and Charles Stephen Pine were married on September 9, 1971. The marriage was dissolved on October 28, 1980. One child, Peter Conrad Pine, was born during the marriage. He was eight years old at the time of the trial. The parties agreed, and the trial court found, that the best interests of the minor child were served by granting the wife custody and the husband reasonable visitation rights. The trial court ordered that the husband pay the wife $275 per month as child support and that he pay all the child's reasonable and necessary dental expenses, including orthodontics. The court also ordered that the husband carry health insurance covering the child and that he satisfy the deductions each year so that the child's medical expenses were covered entirely by the policy. Furthermore, the husband was ordered to pay to the wife $100 per month as maintenance, to pay the wife's attorney fees totaling $1,155, and to pay the costs of the dissolution proceeding. The husband testified that he owed taxes to the United States Government and to the State of Missouri in the amounts of $1,954 and $1,742 as a result of filing amended income tax returns for 1978 and 1979. The trial court ordered that the husband satisfy this indebtedness and hold the wife harmless on account thereof. In addition, the trial court divided the marital property between the parties.

The wife disputes only those orders pertaining to the division of marital property and the amount of child support.

The respective claims of the parties concerning the monetary awards for child support and maintenance are focused on the trial court's findings of fact. Those findings in relevant part state:

(A) The petitioner [wife] requires some amount of child support to assist her in the care and maintenance of the minor child born of the marriage relationship.

(B) The petitioner [wife] has a gross income of $700 per month, her net income of $614.98 per month, $200 clothing and laundry allowance per month, $119.60 per month allotment from the Division of Family Services of the State of Missouri for the care and maintenance of a foster daughter placed in the custody of petitioner and respondent as foster parents. The petitioner's monthly expenses are

$1580 in the winter and $1690 in the summer for herself and both children.

(C) The respondent [husband] has a gross income after business expenses of $1800 to $1900 per month as exhibited by his 1978–1979 amended tax returns which respondent [husband] placed in evidence, and the respondent [husband] claims average monthly income of $1500 in his Statement of Marital and Non-Marital Property. The Court notes that respondent [husband] testified that he has had a gross income of $17,927.05 through June 10, 1980. Respondent [husband] has expenses of approximately $1150 per month which includes car expense which is deducted as a business expense ($130) and monthly expenditures for food of $350 and for recreation of $150 for one person. The Court notes the petitioner [wife] claims to spend $300 per month for food for 3 people and $100 per month for recreation for 3 people.

(D) The respondent [husband] has at least $350 income per month in excess of his monthly expenses which he claims to be $1150.

. . . . .

(A) The petitioner has insufficient property and assets of her own and insufficient income to adequately support herself and her child. Respondent is an able-bodied man, gainfully employed, earning a substantial income and able to assist the petitioner in her support.

The petitioner has for almost the entirety of the marriage remained unemployed at the request of the respondent.

(B) That there are no claims of marital misconduct by either party.

(C) That the respondent's earning power is substantially greater than that of petitioner.

(D) That the respondent deducts as business expense the gasoline and upkeep in his trade; one-third of his utilities where he resides, and one-half the telephone bill, in addition to a clothing expense.

With no significant dispute, the trial court found that the marital property was of a value of $26,397 not including the marital home. The wife received assets of a value of $5,659. The husband received assets of a value of $20,738. Immediately due indebtedness of $4,851 was assumed by the husband reducing his asset value in the distribution to $15,887.

The parties own a house at 6005 Woodside, Kansas City, Missouri. The trial court found the present value of the residential real estate and improvements to be $76,950, subject to an encumbrance of $26,222, evidenced by a promissory note secured by a deed of trust, leaving a present equity of $50,728. As to this residence, the trial court ordered that the wife continue to occupy the property until the event of one of the following: the wife's death or remarriage; the cohabitation in the house by the wife and an unrelated adult male person; the attainment of majority by the parties' minor son; or the emancipation of the minor son prior to attaining the age of majority. Upon the occurrence of any of these events, the trial court ordered that the property be sold and the proceeds of the sale be disbursed as follows: (1) the costs incident to the sale, including real estate commission, if any, title insurance premium, etc., shall be paid; (2) the balance of the mortgage on the property shall be paid (unless assumed by the buyer); (3) an amount equal to any principal payments made on the mortgage by the wife after the dissolution shall be paid to her; and (4) an amount equal to any capital improvements, if any, made to the property by the wife shall be paid to her, and net proceeds then remaining shall be divided equally between the husband and wife. During her occupancy, the wife is responsible for payment of taxes, insurance, and maintenance.

One-half of the present net value of this property, added to the values of property previously divided, leaves the wife with property valued at $31,023 and the husband with property valued at $41,251.

Considering first the wife's contentions with respect to the monetary allowances for child support and maintenance, there seems to be no reason factual or legal to disturb the trial court's judgment.

There is no firm rule for arriving at the proper amount of a child support award. Each case rests on its own facts and lies within the discretion of the trial judge whose award will be disturbed only for manifest abuse of discretion. *Miller v. Miller*, 599 S.W.2d 237, 239 (Mo.App.1980); *Furney v. Steele*, 564 S.W.2d 610, 612 (Mo. App.1978); *Roberts v. Roberts*, 553 S.W.2d 305, 306 (Mo.App.1977). Section 452.340 RSMo 1978 lists the various factors to be considered in allocating the responsibility for child support, although these statutory factors are not exclusive. *Guignon v. Guignon*, 579 S.W.2d 664, 666 (Mo.App.1979). In the argument portion of her brief, the appellant admits that the court heard evidence on each of the statutory factors.

"The duty of the court in setting the amount of child support is to determine the reasonable needs of the children and the reasonable ability of the father to meet those needs." *Fugate v. Fugate*, 510 S.W.2d 705, 706 (Mo.App.1974). The court in *Fugate* recognized that "In determining the reasonable ability of the father, it is proper to consider his *capacity to pay*, . . . ." *Id.* The court in the instant case considered the father's capacity to pay and found that he had at least $350 income per month in excess of his monthly expenses. He was ordered to pay to the wife $275 per month in child support and $100 per month maintenance. In addition, he must pay all reasonable and necessary dental expenses incurred for and on behalf of the minor child, including orthodontics. Also, he was ordered to carry health insurance and to satisfy the deductions each year in order that said minor child's medical expenses are covered entirely by the insurance policy. Assuming that he did not extensively overstate his monthly expenses, the child support order is not unreasonable.

Prior to the parties' separation, the wife earned no income. The husband provided the sole financial support for the minor child. This no longer is true. The wife can contribute to the minor son's support. Under § 452.340, "[t]he financial resources and needs of the noncustodial parent" is just one relevant factor to be considered in awarding child support. "Although the father is primarily liable for support, the mother may also be called upon for support." *Guignon, supra* at 666. The father has no legal liability for the maintenance of the foster child and the agreement for maintenance of that child can be terminated. If the wife continues that relationship, it must be upon her own responsibility.

The mandate of *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976), controls. The trial court's order must be sustained "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Id.* at 32. There is no basis upon this record to disturb the trial court's orders with respect to child support and maintenance.

The wife argues that the division of the marital property is inequitable and unfair, both because of the division of the assets and the nature of the future division of the substantial marital asset, the family home. The evidence reflects what is almost common knowledge—that given the present market situation for residential real estate, it is not economically feasible to provide for the present sale of the family home without substantial economic loss. Given that fact, it is apparent that the trial court was confronted with the dilemma of making a present division without decreeing a sale of the residence.

As noted above, the ultimate division of the property, using present values about which there is no dispute, gives the husband approximately $10,000 more than the wife. It is reasonable to suppose that the trial court assumed that under the circumstances requiring sale, the husband's interest in the property might not be available to him until several years beyond the date of the decree. Under the contingencies set forth in the decree, it could, of course, be sold at anytime the wife remarried or cohabitated in the residence. It is also possible, however, that the wife could remain in the household until the child of the parties reached his

majority or was emancipated. This latter possibility might extend the wife's occupation of the house without sale for approximately ten years. In those circumstances, it is reasonable to infer that the trial court's determination of the amount payable to the husband included some increment of value in lieu of the return he might realize on his share of the residential equity if it were available to him for present investment. The difficulty with the trial court's solution to the problem is that it likewise may give the husband an additional increment of value based upon the possible appreciation of the residence. The potential value of the interest of the husband's share and the appreciation or possibly depreciation of the residence are factors which create highly speculative values.

■ The division in the instant case, leaving open to speculation and later events the ultimate determination of values, illustrates the difficulty encountered when the trial court fails to follow the direction of our cases to make a present division of the property. Our cases have consistently held that unless there is evidence which necessitates a continuation of a tenancy in common that real estate involved in a divorce proceeding should be divided at the time of the dissolution. *In re Marriage of Buthod*, 624 S.W.2d 119 (Mo.App.1981), disapproved an arrangement quite similar to the instant arrangement. *Buthod* reversed with directions to make a present division of the property. *Buthod* is consistent with other cases dealing with similar problems in this District. *Wilhoit v. Wilhoit*, 599 S.W.2d 74 (Mo.App.1980); *Corder v. Corder*, 546 S.W.2d 798 (Mo.App.1977). The Eastern District has taken a contrary view without discussion of the problem noted here. *See Hebron v. Hebron*, 566 S.W.2d 829 (Mo.App. 1978); *In re Marriage of Heddy*, 535 S.W.2d 276 (Mo.App.1976); *Murray v. Murray*, 614 S.W.2d 554 (Mo.App.1981).

Adverting to the facts in the instant case, the wife has been given all of the burdens of ownership by way of payment of taxes, insurance, interest on the existing mortgage, maintenance and repair, and at the same time has been excluded from the benefit of one-half of the gain on the residence. The effect of the present distribution is to put the parties at the mercy of shifting economic factors such as interest rate and the appreciation or depreciation of real property which might well interfere with the underlying purpose of providing a home for the minor child of the parties. Considering the matter both in the light of our case law requiring a present distribution and the overall equities of the parties, the decree should be refashioned as follows:

■ The division of the marital property is approved except that the trial court shall vest title to the residence in the wife and establish by the decree a lien in favor of the husband in the amount of $25,000 without interest, subject only to the lien of the present mortgage. The provisions of the decree with respect to the events triggering the sale of the property are affirmed, but the trial court should retain jurisdiction for the purpose of determining the existence of any of the factors requiring the sale to avoid the necessity for ancillary litigation to establish the necessity for a sale. Of necessity, since the wife holds title, she may elect to sell at anytime and make distribution.

The cause is reversed and remanded to the trial court with directions to enter a decree consistent with this opinion in the particulars set forth.

All concur.