Claralee GOLDMAN, Appellant,

v.

Richard S. GOLDMAN, Respondent.

No. 44258.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 30, 1982.

Charles P. Todt, Clayton, for appellant.

Richard Wolff, Clayton, for respondent.

REINHARD, Presiding Judge.

Wife appeals from an order increasing husband's child support obligation from the parties' 1970 divorce decree from $200.00 to $300.00 per month. She argues that the trial court abused its discretion in that the

---

3. Wife's motion for attorney's fees for frivolous appeal is hereby denied.

increase was insufficient in view of the needs of the child and husband's ability to pay. She also appeals her award of $500.00 for attorney's fees, contending that the court should have allowed the $1,720.00 which her evidence showed she expended.

The parties were divorced on October 15, 1970; the modification hearing was held March 20, 1981. At the time of the divorce, husband was earning approximately $32,-000.00 per year; wife was unemployed. The 1980 income tax returns of the parties showed gross income of the husband to be $76,000.00; that of wife was $10,000.00. However, their respective testimony revealed that at the time of the hearing husband was earning $36,000.00 per year, and wife was earning $5,000.00 per year. Wife's explanation for her reduced earnings was that she wanted to stay home more often with the child, then 13 years of age. Husband claimed that he had changed the nature of his work because of stress. The deposition of Dr. Jick, husband's physician who specialized in cardiology and internal medicine, was offered into evidence. Dr. Jick testified to husband's heart condition and that he had recommended that husband change jobs.

The evidence indicated that the child's needs at the time of the divorce were $180.00 per month. Wife's evidence was that the needs of the child at the time of the hearing were $480.00 per month. She also presented evidence of additional expenses for a psychiatrist. Husband's evidence revealed that after subtracting his needs from his net income, a sum remained in excess of the $300.00 per month child support allowed wife.

Our review is limited by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The decree or judgment of the trial court will be affirmed unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares or applies the law. We must defer to the trial court to judge the credibility of the witnesses.

Factors to be considered in the allowance of child support are found in § 452.340

RSMo. 1978; they are non-exclusive, *Guignon v. Guignon*, 579 S.W.2d 664 (Mo.App. 1979). The amount of support required and the ability of each parent to provide such support are questions which rest primarily with the trial court. *Roberts v. Roberts*, 592 S.W.2d 860, 862 (Mo.App.1979). We will not reverse absent a finding of an abuse of discretion, *Caray v. Caray*, 569 S.W.2d 18 (Mo.App.1978). Furthermore, the trial court is not bound by the evidence of the wife as to the child's reasonable needs, *Blair v. Blair*, 571 S.W.2d 480, 482 (Mo.App.1978).

Our review of the record finds no abuse of discretion as to the allowance of child support or attorney's fees.

An extended opinion would have no precedential value. The trial court's judgment is affirmed in accordance with Rule 84.-16(b).

Affirmed.

SNYDER and CRIST, JJ., concur.