**Shirley Marie GRAY, Appellant,**

v.

**Donald James GRAY, Respondent.**

**Nos. 45318, 46303.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 15, 1983.

Motion for Rehearing/Transfer to
Supreme Court Denied
April 15, 1983.

Application to Transfer Denied
May 31, 1983.

Dallas W. Cox, Jr., St. Louis, for appellant.

Robert J. Albair, Clayton, for respondent.

REINHARD, Judge.

Wife appeals from the provisions of the dissolution decree ordering her to pay child support and denying her request for attorney's fees. Wife also appeals from the trial court's subsequent order denying her motion to enforce the judgment and her motion for attorney's fees for post-trial proceedings and appeal. The appeals have been consolidated. We affirm both the decree of dissolution and the subsequent order.

Wife petitioned for dissolution of the parties' 26-year marriage. After hearing, the court awarded husband custody of the two minor boys, ages 15 and 16, and ordered wife to pay husband support of $20.00 per week, per child. The amended decree provides that husband can live in the marital home until neither of the boys lives there continuously or for four years. Upon the occurrence of the earlier of the two conditions, the home, valued at approximately $50,000.00 and encumbered by a $4,000.00 note secured by deed of trust, must be sold and the net proceeds divided equally between the parties. The home was the major marital asset. The other marital property was divided between the parties.

At the time of trial, wife had a master's degree in business and was earning an annual salary of $20,200.00 in her position as a marketing representative for Southwestern Bell Telephone Company. She had worked there for two years as a full-time employee. Husband was an associate with an architectural and building firm, and in his position as a construction administrator, he earned $30,000.00 plus a $1,000.00 bonus annually. Wife's income and expense statement showed her monthly expenses substantially exceeded her net income, and husband's statement showed that his expenses for himself and the children slightly exceeded his net income.

In her first point, wife contends the court erred in ordering her to pay child support. She states in her brief:

> The fundamental question is—As the father ... has the primary duty under law to support his minor children should courts require non-custodial mothers ... to pay child support where the father's present income *satisfys* [sic] both the father's and the minor children's present financial needs? ... Primary duty means just that. If his income satisfys [sic] his and his minor children's financial needs, the mother is not called upon to contribute child support. (emphasis original).

Wife would have us interpret the statute too narrowly. Section 452.340, RSMo.1978, provides:

> [T]he court may order either or both parents owing a duty of support to a child of the marriage to pay an amount reasonable or necessary for his support, ... after considering all relevant factors including:
>
> (1) The father's primary responsibility for support of his child;

(2) The financial resources of the child;

(3) The financial resources of the custodial parent;

(4) The standard of living the child would have enjoyed had the marriage not been dissolved;

(5) The physical and emotional condition of the child, and his educational needs; and

(6) The financial resources and needs of the noncustodial parent.

The listed factors are not mutually exclusive. We said in *Roberts v. Roberts,* 553 S.W.2d 305, 306 (Mo.App.1977), "the statute provides that among the factors to be considered is the father's primary responsibility to support the children, but the mother may also be called upon to provide support."

Wife has cited two cases in which non custodial mothers have been ordered to pay child support. Neither supports her position. In *Nowels v. Nowels,* 637 S.W.2d 163 (Mo.App.1982), we did not consider the precise issue raised by this case. Further, a careful reading of *Minton v. Minton,* 639 S.W.2d 640 (Mo.App.1982), reveals that case does not support wife's contention that when the father has sufficient income to provide for the needs of the minor children and himself, wife owes no duty of support.

■ It is a rare case wherein the mother has not been required to bear some portion of the financial responsibilities of supporting the children, regardless of the funds available to the father. We conclude the law does not automatically absolve wife from all responsibility for financial support of the children simply because husband has sufficient income to satisfy the basic needs of the children. The determination of child support must be made on a case by case basis.

■ Having resolved this principle, we must now determine whether the court abused its discretion in ordering wife to pay child support. The income and expense statements showed that husband's expenses for himself and the children exceeded his net income by a few dollars a month while wife's expenses substantially exceeded her net income. The credibility of the witnesses is for the trial court to determine. It must also determine the reasonableness and necessity of each party's claimed expenses and weigh those against each party's obligation to support the children. The children's monthly expenses for food, clothing, medical care, school and books, haircuts, and recreation total $683.00 per month. Wife does not dispute the amount of the children's expenses. Wife's $172.00 per month contribution to their support is only about 26% of their total expenses. Clearly, even with the support payments by wife, husband bears the primary responsibility to support the children. In view of all the evidence, we cannot find the trial court abused its discretion in ordering wife to pay child support.

■ In her second point, wife claims the court erred in denying her request for attorney's fees. The trial court is given broad discretion on the issue of payment of attorney's fees. *Roberts v. Roberts,* 553 S.W.2d at 307. We have reviewed the record and have concluded the court did not abuse its discretion in ordering each party to pay his own attorney's fees.

Wife next contends that the trial court erred in overruling her "motion to enforce division of property as per amended decree of distribution of January 11, 1982, or in the alternative, motion for contempt." In the motion she alleged that husband had "failed and refused to turn over to her the various properties awarded to her, including a sum of money, to-wit, the sum of $2,753.32 in the Public Service Savings and Loan account." In the decree, the court had granted wife the account as part of her share of the marital property.

The money in question was initially received as a result of an accident in which the parties' son, Don, Jr., was involved. At the dissolution hearing, wife testified:

That account was begun from an accident from Don Junior but then, it was split, once he cashed it—It was bigger than that and Don Junior took some of it and Don's father insisted he keep that amount for collateral for a truck payment he was making for Don, Junior. That is our security for the payments we made.

At the hearing on her motion to enforce judgment, wife admitted that she had known at the time of dissolution that her son's name was on the account. Husband testified at the dissolution hearing that, as a wedding present for his son, Don Jr., he had agreed to forgive the debt the son owed the parents for the truck payments. He said he made this gift without consulting his wife. He stated that all the money in the account in question had originally belonged to the son and that the account was in both his and his son's names only because the son lived out-of-town. At the hearing on wife's motion to enforce the judgment, he testified that the money in the Public Service Savings and Loan account had never been held as security for the payments on the truck and, further, that his son had withdrawn all the money from the account since the first hearing. Don, Jr. was not a party to any of the proceedings.[1]

 We find that the trial court did not err in overruling wife's motion to enforce the judgment or her alternative motion to hold husband in contempt for his failure to transfer the Public Service Savings and Loan account to wife. The court's order as to the $2,753.32 in the account did not con-stitute a money judgment against husband for that amount. This interpretation of the decree is supported by wife's motion to enforce the judgment in which she alleges that husband failed to turn over to her "the sum of $2,753.32 *in* the Public Service Savings and Loan account." (emphasis supplied). Wife knew that her son's name was on the account. There is no evidence that the husband did anything to affect the account before the hearing on wife's motion. The son had removed the money from the account, and it was, therefore, impossible for husband to turn that money over to wife. Husband's inability to turn over the money in the account was not caused by any wrongdoing on his part. He had not "intentionally and contumaciously placed himself in a position so that he could not comply with the court's orders." *Teefey v. Teefey*, 533 S.W.2d 563, 566–67 (Mo. banc 1976).

Finally, we find no abuse of discretion in the trial court's denial of wife's motion for attorney's fees for post-trial proceedings and appeal.

Judgment affirmed.

CRANDALL, P.J., and CRIST, J., concur.

---

1. The trial court stated at the hearing on the motion to enforce:

I do not know how to handle a matter when evidence is introduced in court of an item in the name of either the father or mother or one of the children and they claim it is trust property.

In this instance, I awarded it to the petitioner even though her name was not on the account, so the respondent, Mr. Gray, could not receive any funds out of that account ever, at any time. It was the Court's position, if Mrs. Gray wanted that money and contended it was hers and not her son's, she should proceed against her son to collect that money from him.

I have, evidently, improperly worded the decree. I didn't anticipate an attempt to collect that sum by Mrs. Gray from Mr. Gray absent evidence he took or appropriated the funds in some way.

The decree should have said that the Court finds that Mr. Gray has no right, title or interest in it and should not receive any money from it, I guess. I don't know the answer to it but I did not intend to award Mrs. Gray a judgment for $2700.00 against Mr. Gray.

At the time the court made this statement it had lost jurisdiction of the case for purposes of changing the decree.