**Mary Louise SCHNEIDER, Appellant,**

v.

**Michael R. SCHNEIDER, Respondent.**

No. 54332.

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 13, 1988.

Norman H. Anderson, Clayton, for appellant.

Lawrence O. Willbrand, St. Louis, for respondent.

SMITH, Presiding Judge.

Wife appeals from a judgment in a dissolution of marriage case. Specifically she challenges the trial court award of marital property.

The parties were married in 1980. Husband was at that time a chiropractor and operated his practice from a home on McCausland. During the marriage wife commenced chiropractic education. Husband provided help and cooperation in order that wife could be a full-time student. Her education was accomplished financially through a student loan for which wife was solely responsible. In 1983, utilizing savings of the wife which accrued before the marriage and funds from her student loans, the home from which husband practiced was purchased for $14,000. Substantial rehabilitation of the home was required. Some of the funds for this rehabilitation and much of the labor was supplied by husband. Title to the property was taken in both names. At the time of trial the property was worth $38,000. The parties also bought an automobile. Part, at least, of the purchase price came from wife's loans although there was evidence that husband also contributed to the purchase. Following wife's graduation husband made the payments on the student loan from marital funds, most of which were earned by him. Both parties operated

their chiropractic practices from the McCausland residence and also lived on the premises. While the wife testified that they practiced as a partnership, the court could have found from the evidence that each had a separate practice.

In its distribution of marital property the court awarded the husband the McCausland property, the automobile and some additional small marital property. Total value of the property awarded to the husband was approximately $45,000. The wife was awarded marital property in the amount of $3100. Each party was awarded their chiropractic practice. In addition, the trial court ordered the husband to pay the student loan of the wife, her sole obligation, amounting to approximately $22,000 at the time of trial. No maintenance or attorney's fees were awarded. Both parties introduced evidence of misconduct. The trial court found misconduct only on the part of the wife.

 The wife contends that the trial court failed to correctly apply the statutory factors provided in Sec. 452.330, RSMo 1986, in dividing the marital property and that the award to her was, as a result, disproportionately low. We are unable to find any disproportion in the awards made. Husband received $45,000 in marital property and was required to pay wife's debt in the amount of $22,000, leaving him with a net award of $23,000. Wife received $3100 in property and was relieved of $22,000 in debt for a net award of $25,100. Each party was awarded their respective chiropractic practices. Husband's practice was in part, at least, separate property as it had originated pre-marriage. Wife's practice was marital property, all of which she received. In addition wife was awarded the right to utilize a portion of the McCausland property as her home and office for two years rent-free. We find nothing unfair about the award of marital property as far as the wife is concerned.

We do, however, direct the trial court to make one modification of the award. The decree provides wife with no security in the event husband fails to meet the obligations of the loan. The loan re-mains her obligation as between her and the lender. Elimination of this debt is the major item which she has received from this dissolution and the decree requiring payment by the husband is an indirect award of marital property to her. She is entitled to security for this obligation. The cause is therefore remanded with directions to the trial court to amend the decree to provide to the wife security for the payment of the student loan, presumably through a lien on the McCausland property. *See, In re Marriage of Pine*, 625 S.W.2d 942 (Mo.App.1981) [7]. With such modification the judgment is affirmed.

Cause remanded for modification of the decree in accordance with this opinion. In all other respects the judgment is affirmed.

STEPHAN and SATZ, JJ., concur.