Robert SUTTON, Appellant,

v.

Susan SUTTON, Respondent.

No. 57530.

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 6, 1990.

Rehearing Denied Dec. 19, 1990.

Michael B. Stern, St. Louis, for appellant.

Susan Kreher Roach, Chesterfield, for respondent.

GARY M. GAERTNER, Presiding Judge.

Appellant, Robert Sutton, appeals from the September 15, 1989, order of the Circuit Court for St. Louis County dissolving his marriage to the respondent, Susan Sutton. On appeal, the appellant claims error in the trial court's award of child support and attorney's fees. We disagree with appellant's contentions and affirm the order of the circuit court.

The evidence reveals that the parties were married on March 10, 1972. A child was born of the marriage on September 24, 1983. The couple had no other children. On the child's third birthday, appellant left the marital home and moved in with his parents.

The respondent filed her petition for dissolution of marriage on March 23, 1988. A trial was held on the petition on September 15, 1989. The trial court entered its order on September 18, 1989, awarding custody of the couple's child to respondent and ordering appellant to pay $814.00 per month in child support and $3000.00 of respondent's attorney's fees. This order was amended by interlineation on October 17, 1989, to change the child support award to $792.00 per month. This appeal followed.

Appellant's initial contention is that the trial court erred in strictly following the child support guidelines in making its award of support.[1] These guidelines can be found at Mo.Cases 735–36 S.W.2d at XL. The trial court's determination of the amount of child support to be awarded rests within the sound discretion of the trial judge and will be reviewed only for an abuse of that discretion or for an erroneous application of the law. *In re Marriage of Gore*, 781 S.W.2d 828, 832 (Mo.App., S.D. 1989).

Initially, we note that, as the order of the trial court was issued prior to October 2, 1989, Rule 88.01, which creates a rebuttable presumption that the amount provided by the child support guidelines is the correct amount to be awarded, does not apply here. Consequently, the trial court was bound to follow RSMo § 452.340.1 in making its award. This section requires that the court consider: 1) The financial needs and resources of the child; 2) financial needs and resources of the parents; 3) the standard of living the child would have enjoyed had the marriage not been dissolved; and 4) the physical and emotional condition of the child and his educational needs. The appellant argues that, as the guidelines were followed, the trial judge failed to give sufficient considerations to the above factors. Appellant has cited no cases to this court to support his assertion that the trial court cannot rely on guidelines in making an award for child support. Indeed, our cases hold that the child support guidelines should be "accorded substantial consideration in determining and reviewing child support awards." *Coit v. Coit*, 778 S.W.2d 344, 347 (Mo.App., E.D. 1989). The only requirement is that such guidelines not be applied "rigidly or automatically." *Id.* A review of the trial court's order demonstrates that the trial court's use of the guidelines was, perhaps, a little more rigid than desired. However, it did take such factors as child care costs and educational expenses into consideration

---

1. The appellant has failed to include a jurisdictional statement in his brief. We point counsel for the appellant to Rule 84.04(a) which directs parties to include such statements in their briefs and strongly suggest he follow it in the future as it is not optional. We have reviewed the facts of this case, however, and find that we have jurisdiction.

and we cannot say that its use of the guidelines in this particular case amounted to an abuse of discretion.

 Appellant next claims that the trial court erred in considering his annual bonus when it determined the child support award. In *Guignon v. Guignon,* 579 S.W.2d 664 (Mo.App., E.D.1979), this court held that "the court should consider a history of bonuses as a part of average income, unless there is evidence that such bonuses are unlikely to continue." *Id.* at 667. The evidence at trial revealed that appellant had "historically" received a bonus and no evidence was presented to bring the perpetuation of the bonus into serious doubt. Thus the trial court did not err.

Appellant also argues there was insufficient evidence of the amount of the bonus for the court to include it in its consideration. The evidence at trial was clear that the appellant had received $4500.00 as a bonus in 1988. The court, however, used a figure of $5,000.00 in calculating the appellant's child support obligations. We agree that there was no evidence in the record to support the inclusion of a $5,000.00 bonus in the court's computations, nevertheless, the court clearly intended to include the appellant's bonus in its calculations. As there was evidence of a $4,500.00 bonus and no evidence that this bonus was an anomaly, this court has substituted the $4,500.00 figure for the $5,000.00 figure in the trial court's calculations and modified the court's order to include child support payments of $783.00 per month.

Appellant next makes several other claims relating to the child support award. We decline his invitation to burden this opinion with his arguments and, finding that there would be no precedential purpose served by a full opinion on them, we deny them pursuant to Rule 84.16(b).

 Appellant next claims the trial court erred in awarding respondent attorney's fees in that there was insufficient evidence to support the award. This court does not debate that some evidence, such as work performed and hourly rate charged, must be before the trial court before it can make an award of attorney's fees. *Tepper v. Tepper,* 763 S.W.2d 726 (Mo.App., E.D. 1989). However, the evidence presented in the instant case was sufficient for such an award.

At the trial, the attorney for the respondent took the stand and testified regarding how many hours she had worked on this case, how much paralegal time had been expended, what her hourly fee was and testified to the respondent's total bill. The appellant had full opportunity to cross-examine the attorney for the respondent on all of these matters and never challenged her testimony as to the time expended or the hourly rate charged. In addition, the trial court had before it the entire file, with all pleadings and motions. We find this evidence to be sufficient for the award of attorney's fees. Point denied.

Affirmed as modified.

CRIST and PUDLOWSKI, JJ., concur.