Deborah Kay ROGERS, Respondent.

v.

David Lee ROGERS, Appellant,

No. ED 80601.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 14, 2003.

Leonard W. Buckley, Jr., St. Louis, MO, for appellant.

Lisa D. Faustich, Fenton, MO, for respondent.

CHARLES B. BLACKMAR, Sr. J.

In this lengthy but recently failed marriage the wife was the principal earner while the husband, after holding a series of lesser paying jobs, left his employment with his wife's assent and worked for approximately three years in a horticultural business which has not turned a profit up to the time of trial, and shows no signs of doing so. This appeal deals only with monetary matters. We affirm in part and reverse and remand in part for further consideration.

The parties were married on November 26, 1982. Their only child, a son, was born July 28, 1984. The wife has been employed during the marriage by Monsanto Company, a major St. Louis employer. For the last full year preceding the trial she earned $108,000, of which $23,250 represented a bonus. She had received bonuses for several preceding years, which she testified were related to her increasing job responsibilities. The husband has never earned more than $20,800 per year, and for the three years before trial has had no net earnings because his recent venture, a horticultural business, has never operated at a profit. The parties did not expect this business to become profitable for at least three years and their expectations proved to be more than accurate. The wife had agreed to his starting the business, but made it clear both before and during the trial that she thought her husband should abandon or liquidate the business and get a job within his capabilities to start making some income.

The court entered a decree dissolving the marriage, adopting the wife's submitted Form 14, which did not include in her income anything on account of an anticipated bonus from her employer, and imputed earned income of $20,800 to the husband; denying his prayer for maintenance; dividing the marital property; awarding the wife custody of their son; and ordering the husband to pay child support in the amount of $214.27 per month.

The husband appeals, asserting three points of error as follows: (1) the failure of the court to include in the wife's income figures in calculating child support anything on account of her anticipated bonus, while imputing to him $20,800 of income on account of his presumed earning capacity; (2) the denial of his prayer for maintenance; and (3) without specification, alleging that the division of property did not comply with section 452.230 RSMo 2000. We affirm as to the denial of the claim for maintenance and the division of property, but remand for further consideration of the award of child support.

The wife took a firm position before and at the trial that the husband's business could not be expected to succeed as expected and that he should get a paying job within his capabilities. She also criticized some of his decisions in the operation of the business and implied that he was no longer working diligently to make it succeed. He took issue, pointing to some problems on account of drought and to a change in the kind of stock he developed. The court did not expressly rule or make any findings or comment as to whether the business should continue, but the terms of the decree seem to leave the husband with little option other than closing the business and seeking regular employment. The court's indicated conclusion seems reasonable, especially since the husband knew before trial of his wife's position regarding the business, and the imputation of $20,800 income to him seems reasonable as he had earned that amount from previous employment. See *Jones v. Jones*, 958 S.W.2d 607 (Mo.App.1998).

The wife's employer is a major local business. Although her bonus is dependent on the company's performance, and undoubtedly on hers, her continued receipt of bonuses seems as predictable as most future events. Her employer apparently likes her work and has assigned her increased responsibilities. She testified that the bonus was a part of her compensation package. On consideration of bonuses, see *Bridgeman v. Bridgeman*, 63 S.W.3d 686 (Mo.App.2002); *Bolton v. Bolton*, 950 S.W.2d 268 (Mo.App.1997); *Sutton v. Sutton*, 801 S.W.2d 704 (Mo.App.1990). The evidence indicates that this employer's payment of bonuses to well regarded employees has been a regular practice in recent years. By contrast, although income may appropriately be imputed to the husband on account of earnings which appear to be within his capacities, the award of child support should be recalculated with the consideration of including all or part of the wife's anticipated bonus in Form 14 calculations.

Review of a court tried case is in accordance with the standards of *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976), which mandates great respect for the findings of the trial court. The court's discretion, however, is a controlled discretion, see *Thomas v. Thomas*, 76 S.W.3d 295 (Mo.App.2002), and the cases cited above show that appellate courts have reviewed such matters as the inclusion of all or part of regular bonuses in income figures. The evidence on these items shows no substantial conflict and Form 14, which was designed to make the computation of child support simpler, should not be applied mechanically without consideration of the unique factors involved in a particular case such as this one, which is hardly typical, and is appropriate for reconsideration under the guidance of this opinion. We of course do not mandate any particular modification of the decree, and the trial court may consider intervening circumstances.

The portions of the judgment denying the husband's request for maintenance and allocating marital property are affirmed. The award of child support is reversed and

the case is remanded for further proceedings consistent with this opinion.

MARY R. RUSSELL, P.J., and CLIFFORD H. AHRENS, J., concur.