Michael James OREM, Appellant,

v.

Rhonda Rae OREM, Respondent.

No. WD 63403.

Missouri Court of Appeals,
Western District.

Nov. 23, 2004.

Paul T. Loughlin, Jr., Kansas City, MO, for appellant.

Gail Berkowitz–Gifford, Kansas City, MO, for respondent.

Before VICTOR C. HOWARD, P.J., ROBERT G. ULRICH and PATRICIA A. BRECKENRIDGE, JJ.

ROBERT G. ULRICH, Judge.

Michael Orem appeals the judgment of the trial court denying his motion to quash garnishment. The judgment is reversed, and the case is remanded with directions.

## Facts

A decree dissolving the marriage of Michael Orem and Rhonda Orem was entered on November 9, 2000. The decree distributed marital property to both parties. Within the section setting aside property to Mr. Orem, the following was ordered:

One-half of the cash value in the State Farm Life Policy # LF–1033–8556, approximate value of Eleven thousand seven hundred and forty-six dollars ($11,746.00) as of August 15, 1998. Petitioner [Mr. Orem] shall take whatever steps are necessary to require the insurance company to pay said sum directly to Respondent [Ms. Orem][.]

Within the section of the decree setting aside property to Ms. Orem, the following was ordered:

One-half of the cash value in the State Farm Life Policy # LF–1033–8556, approximate value of Eleven thousand seven hundred and forty-six dollars ($11,746.00) as of August 15, 1998. Petitioner [Mr. Orem] shall take whatever steps are necessary to require the insurance company to pay said sum directly to Respondent [Ms. Orem][.]

The decree of dissolution was not appealed by either party.

The value of the insurance policy was never paid to Ms. Orem after entry of the dissolution decree. Consequently, she filed a motion to hold Mr. Orem in contempt of court and for show cause order on February 6, 2001. An order to show cause was entered two days later. Following submission of briefs by the parties, the trial court entered judgment on August 27, 2002, denying Ms. Orem's motion for contempt. The court found that the life insurance policy is owned by Cimarron Electric, Inc., Mr. Orem is a partner in Cimarron with two other individuals, and no evidence was adduced that Mr. Orem has the corporate authority to cause the funds to be disbursed. This judgment was not appealed by either party.

On January 24, 2003, Ms. Orem filed a request for writ of garnishment. She sought to garnish Mr. Orem's bank account for the sum of $11,746 plus $4,669.04 in interest. Thereafter, Mr. Orem filed a motion to quash garnishment arguing that the principal amount sought did not represent a money judgment. Additionally, Mr. Orem contended that even if the award of the cash value of the life insurance policy was a money judgment, (1) it was not for a sum certain and, thus, void on its face and (2) the award was actually for one-half the cash value or $5,873 plus interest. Following a hearing, the trial court entered judgment denying Mr. Orem's motion to quash garnishment. This appeal by Mr. Orem followed.

## Points On Appeal

On appeal, Mr. Orem claims that the trial court erred in denying his motion to quash garnishment because (1) the life insurance policy in question was owned by a corporation not a party to the proceedings and was not subject to distribution by the trial court, (2) the award of the cash value

of the insurance policy was not a money judgment against him, and (3) even if the award was a money judgment, Ms. Orem was only entitled to one-half of the cash value of the policy ($5,873) plus interest.

## Standard of Review

■ The standard of review in this case is governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). *State v. Mo. State Treasurer*, 130 S.W.3d 742, 743 (Mo. App. E.D.2004). Thus, the judgment of the trial court will be upheld on appeal unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Murphy*, 536 S.W.2d at 32; *Mo. State Treasurer*, 130 S.W.3d at 744.

## Discussion

■ Mr. Orem first[1] argues that the trial court erred in denying his motion to quash garnishment because the life insurance policy in question was owned by a corporation not a party to the proceedings and was not subject to distribution by the trial court.

■ Collateral estoppel, or issue preclusion, precludes parties from relitigating issues that have already been decided. *Woodson v. City of Independence*, 124 S.W.3d 20, 28 (Mo.App. W.D.2004). The doctrine of collateral estoppel applies to preclude relitigation of an issue if four factors are satisfied: (1) the issue decided in the prior adjudication was identical to the issue presented in the present action; (2) the prior adjudication resulted in a judgment on the merits; (3) the party against whom estoppel is asserted was a party or was in privity with a party to the

prior adjudication; and (4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit. *Id.* (quoting *James v. Paul*, 49 S.W.3d 678, 682 (Mo. banc 2001)). Collateral estoppel can be applied only if a final judgment on the merits has been rendered involving the same issue sought to be precluded in the cause in question. *Dodson v. City of Wentzville*, 133 S.W.3d 528, 538 (Mo.App. E.D.2004).

In the November 9, 2000, dissolution decree, the trial court found the life insurance policy at issue to be marital property and distributed it accordingly. This adjudication resulted in a judgment on the merits. Now, in this proceeding in which Ms. Orem seeks to garnish Mr. Orem's bank account, Mr. Orem attempts to relitigate the same issue contending that the policy was not marital property but the property of Cimarron. Mr. Orem, however, had a full and fair opportunity to litigate the issue of whether the life insurance policy was marital property in the dissolution proceeding. He did not appeal the judgment designating the policy as marital property, and the issue was fully litigated in the dissolution proceeding. Mr. Orem is now precluded under collateral estoppel from relitigating the issue. The point is denied.

■ Next, Mr. Orem contends that the trial court erred in denying his motion to quash garnishment because the award of the cash value of the insurance policy was not a money judgment against him.

■ Garnishment in aid of execution is an incidental remedy by which a judgment creditor may collect the judgment by reaching the judgment debtor's property

---

**1.** Mr. Orem's points relied on are not necessarily addressed in the order presented in his brief.

in the hands of a third party. *Grissum v. Soldi,* 108 S.W.3d 805, 808 (Mo.App. S.D. 2003). It is governed by chapter 525, RSMo 2000, and Rule 90. A valid judgment and a valid execution are indispensable prerequisites to a valid garnishment. *U.S. v. Brooks,* 40 S.W.3d 411, 415–16 (Mo. App. S.D.2001); *Bellon Wrecking & Salvage Co. v. David Orf, Inc.,* 983 S.W.2d 541, 547 (Mo.App. E.D.1998). Thus, if there is no underlying judgment in the case, there can be no valid execution and hence nothing to support a garnishment proceeding. *Bellon,* 983 S.W.2d at 547.

■ "As a general rule, a judgment must be definite and certain to be enforceable in a garnishment proceeding." *Schneidler v. Feeder's Grain & Supply, Inc.,* 24 S.W.3d 739, 741 (Mo.App. E.D. 2000). To be enforceable by execution, a judgment must specify with certainty the amount for which it is rendered, or if it is not stated, it must be ascertainable from the record. *Id.*

In support of his claim that the award of the cash value of the insurance policy was not a money judgment against him, Mr. Orem cites *Gray v. Gray,* 649 S.W.2d 908, 911 (Mo.App. E.D.1983), which held that an award of a checking account to wife did not constitute a money judgment against husband for the amount in the account. In that case, wife was granted a checking account as part of her share of the marital property. *Id.* at 910. The money in the account was initially received by the parties' son as a result of an accident in which he was involved. *Id.* The account was titled in the names of husband and son. *Id.* at 911. Son withdrew all of the money from the account. *Id.* Finally, the trial court noted at the hearing on wife's motion to enforce division of property that it had "evidently, improperly worded the decree. . . . The decree should have said that the Court finds that Mr. Gray has no

right, title or interest in it. . . . I did not intend to award Mrs. Gray a judgment for $2,700.00 against Mr. Gray." *Id.* at 911 n. 1.

This case is distinguishable from *Gray.* The trial court in the dissolution proceeding specifically found that the life insurance policy was marital property and awarded it to Ms. Orem as part of the division of property. As discussed above, Mr. Orem did not challenge this award on appeal. The intent of the trial court was to award to Ms. Orem a judgment for $11,746, a definite and certain amount. In awarding the cash value of the insurance policy to Ms. Orem, the court merely recognized the source of the judgment. Further, nothing in the record showed a mistake by the trial court in making the award as in *Gray.* The point is denied.

■ Next, Mr. Orem contends that even if the award was a money judgment, Ms. Orem was only entitled to one-half of the cash value of the policy ($5,873) plus interest. He argues that trial court abused its discretion in construing the decree to award the full value of the policy to Ms. Orem.

■ In construing a trial court's judgment, the language of the judgment is examined in its entirety, and the intention of the trial court is determined from all parts of the judgment. *Panettiere v. Panettiere,* 945 S.W.2d 533, 539 (Mo.App. W.D. 1997). The words and clauses used in a judgment are construed according to their natural and legal import. *Id.*

In his brief, Mr. Orem concedes that "a strict reading of [the] divorce decree might enable one to conclude that the entire cash value of the policy is to be awarded to [Ms. Orem]." The schedule allocating marital property to Mr. Orem awards half of the cash value of the life insurance policy to him with the order that he "take whatever

steps are necessary to require the insurance company to pay said sum directly to [Ms. Orem][.]" Within the schedule allocating marital property to Ms. Orem, the decree awards the other half of the cash value of the policy to Ms. Orem and again directs Mr. Orem to take the necessary steps to require the insurance company to pay that amount to her. Read together, the decree awards the entire sum to Ms. Orem.

Mr. Orem argues that during the hearing on the motion to quash, the trial court expressed its belief that the trial court presiding over the dissolution proceeding actually intended to award only one half of the cash value of the insurance policy to Ms. Orem, and Ms. Orem agreed that she was seeking only one half of the policy's value. In its judgment denying Mr. Orem's motion to quash garnishment, the trial court noted, however, that its statement at the hearing that Ms. Orem was entitled to only one half of the value of the policy was erroneous. Additionally, Ms. Orem sought the entire value of the policy plus interest from Mr. Orem in her request for writ of garnishment. The point is denied.

■■ Finally, Mr. Orem contends that the trial court erred in denying his motion to quash garnishment because the amount garnished for interest exceeded the amount of interest due under the statutory rate. Section 408.040.1, RSMo 2000, provides, in pertinent part, "Interest shall be allowed on all money due upon any judgment or order of any court from the day of rendering the same until satisfaction be made by payment, accord or sale of property[.]" The statutory interest rate is nine percent. § 408.040.1, RSMo 2000. Ms. Orem garnished $4,669.04 for interest on the principal amount of $11,746 from the date of the dissolution decree, November 9, 2000, through the date of her request for writ of garnishment, January 24, 2003.

This amount exceeds the amount due for interest at the statutory interest rate of nine percent. In her brief, Ms. Orem argues that the amount sought for garnishment accounts not only for statutory interest but also the increase in the cash value of the policy as it changed between the time of the initial valuation on August 15, 1998, and date of the dissolution, November 9, 2000. This argument conflicts with the intent of the trial court to award to Ms. Orem a judgment for $11,746. It also contradicts the requirement that a judgment must be definite and certain to be enforceable in a garnishment proceeding. *Schneidler*, 24 S.W.3d at 741.

■■ Because Ms. Orem sought garnishment in an amount in excess of the judgment amount actually due, the judgment of the trial court denying Mr. Orem's motion to quash garnishment must be reversed. The writ of garnishment need not, however, be quashed in full. If a judgment creditor seeks an execution and garnishment in aid thereof in an amount in excess of the judgment amount actually due, the debtor may move to quash, and the court should quash only so much thereof as is in excess of the amount actually due. *In re Marriage of Allen*, 681 S.W.2d 535, 540 (Mo.App. S.D.1984); *Hardin v. Hardin*, 512 S.W.2d 851, 855 (Mo.App. 1974). "In such circumstances, it is incumbent on the court to judicially determine, as near as may be, the amount due, and to quash the execution only so far as the amount seized thereunder exceeds such sum." *Id.* Thus, the case is remanded with directions to the trial court to calculate the interest due on the $11,746 judgment at the statutory rate of nine percent, enter a judgment quashing the garnishment to the extent of the excess over the judgment plus statutory interest, and amend the garnishment accordingly.

The judgment of the trial court is reversed, and the case is remanded for further proceedings consistent with this opinion.

HOWARD, P.J. and
BRECKENRIDGE, J. concur.