**DIVISION OF EMPLOYMENT SECURITY, State of Missouri, Respondent,**

v.

**Glendine SMITH, Appellant.**

**DIVISION OF EMPLOYMENT SECURITY, State of Missouri, Respondent,**

v.

**Gregory BROWN, Appellant.**

**No. 62626.**

Supreme Court of Missouri, En Banc.

May 11, 1981.

Michael Hufft, Kansas City, for appellants.

Sharon A. Willis, Kansas City, Rick V. Morris, Jefferson City, for respondent.

John Ashcroft, Atty. Gen., Jan Bond, Asst. Atty. Gen., Jefferson City, for intervenor.

HIGGINS, Judge.

Gregory Brown and Glendine Smith appeal judgments which permitted garnishment of their wages by the Division of Employment Security. The court of appeals determined it lacked jurisdiction because the appellants attacked the constitutionality of §§ 1.025, 288.170(1) and 288.-340(11), RSMo 1978, and this Court accepted transfer. Resolution of the suggested constitutional questions is not necessary to the decision of this case because §§ 288.340(11), 288.160(2) and 288.170(1) of the Missouri Employment Security Law as applied to these appellants resulted in a denial of due process under U.S. Const., amend. XIV, § 1, and Mo. Const., art. I, § 10, for which the judgment must be reversed.

The Division alleged that both Gregory Brown and Glendine Smith received overpayments of unemployment compensation benefits of approximately $300. The Division proceeded to recover such overpayments pursuant to Chapter 288, RSMo 1978. Section 288.380(11) permits the Division to collect overpayments of unemployment benefits in the manner provided in § 288.170 for collection of past due contributions from an employer.

Section 288.160(2) provides that after the Division has determined that an employer has not made required contributions, the Division must provide written notice by personal service or by registered mail of the assessment.[1] The employer has thirty days in which to file a petition for reassessment; if a petition is not received within thirty days, the assessment becomes final. Section 288.160(4). The Division may then, pursuant to § 288.170, file a certificate specifying the amount of contributions, interest and penalties due with the clerk of the circuit court in the county where the delinquent employer resides, has his place of business or has any property. The certificate has the force and effect of a judgment of the circuit court and execution is issuable at the request of the Division as provided for other judgments.

Both appeals arise from similar facts and present identical issues. On April 10, 1979, the Division sent an initial notice of assessment to Brown by certified mail. The notice was returned, undelivered, by the postal service. On May 25, 1974, the Division determined that Brown had been overpaid $300 in unemployment benefits. Brown was sent notice of the determination by certified mail. Notice was sent to two addresses; both letters were returned undelivered. The Division states that on July 3, 1979, Brown was again sent notice, this time by regular mail, and that this final letter was not returned. On August 22, 1979, the Division filed a Certificate of Overpaid Benefits with the Jackson County Circuit Court. The Division requested a writ of execution against Brown's wages which was granted on September 8, 1979.

---

1. Section 1.025, RSMo 1978, defines registered mail as including certified mail. The validity of this section is not decided.

A writ of sequestration[2] was issued on October 10, 1979. Brown moved to quash sequestration on November 8, 1979, on the ground the first notice he received regarding the proceedings was when the writ of sequestration was served on his employer. The motion was overruled and an order to pay out was issued on January 23, 1980.

On November 6, 1979, the Division mailed Glendine Smith a Notice of Determination and Order of Assessment by certified mail. The letter was returned, undelivered, by the postal service. The Division states that the notice was sent by regular mail on November 28, 1979. The Division filed a Certificate of Overpaid Benefits on December 21, 1979, with the Jackson County Circuit Court. Execution and a writ of garnishment were issued on January 14, 1980. Smith moved to quash the garnishment and strike the certificate claiming that she was not notified of the proceedings. The motion was overruled and an order for the garnishee to pay the amount due was issued April 7, 1980.

As stated in *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950):

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated under all the circumstances to apprise interested parties of the pendency of the action and afford them an opportunity to present their objection.

*Id.* at 314, 70 S.Ct. at 657.

The letters sent by certified mail to Brown and Smith were returned undelivered by the postal service. The Division was therefore aware that they had not received notice of the determination of overpaid benefits and the assessments. No attempt was made to personally serve appellants and the subsequent notice sent by regular mail was not in compliance with § 288.160(2) and thus was ineffective. *See*

*Harris v. Bates*, 364 Mo. 1023, 1031, 270 S.W.2d 763, 769 (1954); *Ponder v. AAMCO Automotive Transmission, Inc.*, 536 S.W.2d 888, 893 (Mo.App.1976). The Division's knowledge of the undelivered notice precludes the notice from meeting the requirements of *Mullane v. Central Hanover Bank & Trust Co., supra*; under the circumstances it cannot be said the Division attempted to provide notice which was reasonably calculated to apprise appellants of the determination of overpaid benefits. *See also Roach v. Roach*, 275 Pa.Super. 320, 418 A.2d 742, 744 (1980).

The Division's compliance with the notice provisions of § 288.160(2), does not preclude a due process violation.

In *Covey v. Town of Somers*, 351 U.S. 141, 76 S.Ct. 724, 100 L.Ed. 1021 (1956), the town attempted to notify appellant, a known incompetent, of a foreclosure action by publication and mail in accordance with statutory requirements. The town argued that it was not required to employ measures in giving notice to an incompetent beyond those normally deemed sufficient. The Court disagreed citing *Mullane v. Central Hanover Bank & Trust Co., supra*. Assuming as true assertions of appellant's incompetence and the town authorities' knowledge of this, the Court held that "compliance with the statute would not afford notice to the incompetent and that a taking under such circumstances would be without due process of law." *Covey v. Town of Somers, supra* at 147, 76 S.Ct. at 727.

In *Robinson v. Hanrahan*, 409 U.S. 38, 93 S.Ct. 30, 34 L.Ed.2d 47 (1972), Illinois, pursuant to its statutes, mailed notice of forfeiture proceedings to appellant's last known address. The State knew appellant was in the county jail and could not receive the notice. There was an ex parte hearing and appellant's car was taken. The Court indicated that "[u]nder these circumstances, it cannot be said that the State made any effort to provide notice which was 'reason-

---

**2.** Brown was working for the City of Kansas City, Missouri when his wages were sequestered. When execution is issued on a judgment against an employee of the State of Missouri, a municipal corporation or other political subdivision of the state, and it is returned unsatisfied, the creditor may file an application for a writ of sequestration. Rule 90.22.

ably calculated' to apprise appellant of the pendency of the forfeiture proceedings." *Id.* at 40, 93 S.Ct. at 31.

The Division also contends that appellants refused service and thus waived their right to a hearing. This position is unsupported. The only pertinent facts which appear on the record indicate that the letters sent by certified mail were returned undelivered by the postal service.

■ Possessed of knowledge that notice by certified mail was not delivered, the Division should have taken further steps in compliance with § 288.160(2) to effect notice before filing its certificate and seeking execution. Because notice of the determination and assessment was defective, the certificate filed in the circuit court was invalid.

The judgment is reversed and the cause is remanded with instructions to quash subject garnishments.

All concur.