In re the Marriage of Lisa A. SMITH, Petitioner/Respondent,

v.

David O. SMITH II, Respondent/Appellant.

No. 57581.

Missouri Court of Appeals, Eastern District, Division One.

Sept. 11, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 17, 1990.

Application to Transfer Denied Nov. 20, 1990.

Richard Dwight Sabbert, St. Peters, for respondent/appellant.

Norman C. Steimel, II, Clayton, for petitioner/respondent.

GRIMM, Judge.

In this action to set aside or quash an execution issued in a dissolution case, husband David O. Smith appeals from the trial court's denial of his petition. We affirm.

Husband raises two points of error. First, the trial court "erred in denying the petition to quash or set aside execution because the court ... does not have jurisdiction to issue a writ of general execution in that the award of the particular [checking] account is not a monetary judgment." We disagree. Under the facts and circumstances here, the trial court did not err in denying the petition to quash.

Second, the trial court "erred in denying [husband] an evidentiary hearing ... because the court has equitable jurisdiction to determine if the execution calls for more than the amount lawfully due." We disagree. The trial court did not err in refusing to conduct a hearing and properly characterized the proffered evidence as an improper collateral attack on the judgment.

I.

The dissolution hearing was held November 30, 1988. In that hearing, wife said the parties had $22,404.55 in five Community Federal accounts when they separated in March, 1988. From four of them, she withdrew $7,897.00. She did not take any money from the fifth account, No. 5102–7375, which then contained $10,544.50.

In the dissolution hearing, husband testified all the Community Federal checking accounts had been closed. He did not say when the accounts were closed. Nor did he give any explanation for what happened to the money in the accounts, except that when wife made her withdrawals, there was $4,000 to $5,000 of outstanding checks on those accounts. He said "the approximate value of what is in the four accounts" is $6,000.00.

No checking account records were offered at the dissolution hearing. Nor did any Community Federal employees testify concerning these accounts.

The marriage was dissolved on February 8, 1989. In the decree of dissolution, the trial court found the total value of the marital property was $374,985.05. This total included "Community Federal Checking Account # 5102–7375, $10,544.50."

The trial court awarded wife "items and cash of a value of $187,492.50 (one half of the value of the marital property), as follows:

\*      \*      \*      \*      \*      \*

Community Federal Checking Account No. 5102–7375      10,544.50"

The itemized property awarded wife totaled $126,132.08. Wife had claimed that one asset she received had an additional

$13,200.00 value to her, so the trial court added that amount to the valuation of assets set aside to her. Husband was ordered to pay wife $48,160.42 in order for her to receive her one-half of the assets.

Husband appealed; he did not post a supersedeas bond. In that appeal, among other things, he claimed the trial court erred in dividing the property because the trial court "failed to consider the outstanding checks and/or payments which had been made therefrom." This court affirmed. *In re marriage of Smith,* 785 S.W.2d 764 (Mo.App.E.D.1990).

## II.

On July 31, 1989, while the underlying dissolution judgment was pending on appeal, wife requested a general execution for $10,544.50. Following issuance of the execution, husband petitioned to set aside or quash the execution. His petition alleged the execution was void "for the reason that the Judgment on which said execution is issued has been satisfied to the extent that the bank accounts have been assigned and/or transferred to [wife]."

The parties submitted memoranda of law to the trial court. The trial court then met with the attorneys. At that time, the motion to quash was overruled.

At the same time, the trial court heard arguments as to whether an evidentiary hearing on the motion should be granted. Following those arguments, the trial court found "that all of the items for proof of evidentiary hearing are in fact to modify or revise the original judgment. The Court does not believe it has jurisdiction to do that [and] does not want to do that." It then denied the request for an evidentiary hearing.

Husband then made offers of proof. He offered to prove (1) the balances in various accounts at Community Federal, (2) the balances due on various loans against a townhouse, (3) a riding mower and wagon were husband's sole property, (4) the particular amount of savings bonds held in each parties name, (5) the value of townhouses owned by the parties through testimony of an appraiser, and (6) the terms of two leases. Husband submitted this evidence "in terms of [this] being an equitable proceeding" and asked the trial court to exercise its "equitable powers."

The offers of proof were denied. In its written order, the trial court said the evidence would constitute "a collateral attack upon the judgment entered by this Court on February 8, 1989, a judgment presently on appeal."

## III.

Husband, in his first point, alleges the trial court "erred in denying the petition to quash or set aside execution because [it] does not have jurisdiction to issue a writ of general execution in that the award of the particular [checking] account is not a monetary judgment."

▮ We first state a few governing principles. A motion to quash execution is a collateral attack on the judgment. *Vorhauer v. Sweeney,* 217 S.W.2d 985, 987 (Mo.App.E.D.1949). Such a motion can have "merit only if the judgment was void for lack of jurisdiction of the parties, or the subject matter." *State ex rel. Jones v. Reagan,* 382 S.W.2d 426, 430 (Mo.App.E.D. 1964). No such point is made here.

▮ "A motion to quash an execution cannot be substituted for an appeal and a defense which might have been valid ... cannot be raised in a collateral proceeding such as a motion to quash execution." *McConnell v. St. Louis County,* 655 S.W.2d 654, 657 (Mo.App.E.D.1983). Nor can a motion to quash "reach alleged errors or irregularities prior to judgment." *Reis v. La Presto,* 324 S.W.2d 648, 653 (Mo.Div. 2 1959). Such a motion lies "only where the record affirmatively discloses that the judgment is void, or in certain other limited situations where the right to execution is defeated by matters occurring subsequent to the judgment." *Id.*

▮ A party in whose favor a judgment has been rendered may have an execution. § 513.015, RSMo 1986. "Ordinarily, such judgment must be for money...." 30 AM. JUR.2d § 5, *Executions* (1967). Checking

and savings accounts represent sums of money on deposit with a financial institution. 10 AM.JUR.2d § 337, *Banks and Banking* (1963).

Here, the trial court clearly expressed its intent to award wife one-half of the marital property. To carry out this intent, the trial court meticulously identified each asset.

On many of the assets, including the account in question, the testimony conflicted as to value. The trial court, however, placed a monetary value on each asset, including the account in question. The account was identified by number and dollar amount.

Husband presented his asset valuation evidence to the trial court. He elected to do this without submitting any records to support his oral testimony.

After the entry of judgment, husband appealed. He challenged the division of property and the values assigned to many of the assets. In his appellate brief, he contended the trial court erroneously determined certain assets were non-marital, overvalued a townhouse, and failed to consider certain accounts had been closed and there were outstanding checks on some of those accounts. This court, as previously indicated, affirmed the trial court's judgment.

■ Husband, in his petition to quash, in effect sought to relitigate the division of property made by the trial court. As the trial court determined, this was an improper "collateral attack upon the judgment."

This determination is confirmed by an examination of the scope of husband's offer of proof. Clearly, husband was asking for a redetermination and redistribution of the parties assets in order to obtain a more favorable award for himself. If this were allowed, it would encourage parties, at a dissolution hearing, to withhold record evidence for a later attack on the judgment. Rather, parties should be encouraged to present their record evidence at the dissolution hearing.

Husband refers us to *Gray v. Gray*, 649 S.W.2d 908, 911 (Mo.App.E.D.1983), where this court stated an award of a checking account "did not constitute a money judgment against *husband* for that amount." (emphasis added). He contends this supports his argument that the checking account "does not constitute a monetary judgment for which execution will lie." That statement, however, must be read in its context.

In *Gray*, the money in the account was initially received by the parties' son as a result of an accident in which he was involved. The account was titled in the name of husband and son; wife's name was not on the account. The son was not a party to the dissolution proceedings, and he was the one who had removed the money from the account. Further, the trial court stated, at the time of the motion hearing, it had "evidently, improperly worded the decree.... The decree should have said that the Court finds that [husband] has no right, title or interest in it.... I did not intend to award [wife] a judgment for $2700.00 against [husband]." *Id.*

In contrast to *Gray*, here the joint account was titled in the name of husband and wife. The trial court specifically found the account was marital property and awarded it to wife as part of the division of property. Husband challenged this award on appeal, but the award was affirmed.

Here, husband evidently was the person who used the funds in the account, for wife testified at the dissolution proceeding she had not done anything to that account. Also, unlike in *Gray*, here the trial court did not indicate a mistake had been made in awarding the account to wife.

Under the particular facts and circumstances here, we find no error in the trial court's denial of husband's petition to quash. Husband's first point is denied.

## IV.

In his second point, husband alleges the trial court erred in denying him "an evidentiary hearing on the petition to quash or set aside execution because the court has equitable jurisdiction to determine if the execution calls for more than the amount lawfully due."

Husband correctly acknowledges "the Court cannot substitute a motion to quash for an appeal." See, e.g., *Flynn v. Janssen*, 266 S.W.2d 666, 671 (Mo.Div. 1 1954); *First National Bank in Chester v. Conner*, 485 S.W.2d 667, 671 (Mo.App.E.D. 1972). Yet, in effect, that is what husband seeks. For in his brief, he states "the Court should have conducted an evidentiary hearing to consider the equities."

The property of the parties was distributed in the original dissolution proceeding. The dissolution decree became final 30 days after the judgment was entered. Rule 75.-01. Thereafter, the judgment could be reversed or modified only by an appellate court. Husband pursued an appeal, but was unsuccessful.

The trial court did not err in refusing to grant husband an evidentiary hearing. Husband's second point is denied.

The judgment of the trial court is affirmed.

PUDLOWSKI, P.J., concurs.

KAROHL, J., dissents in separate opinion.

KAROHL, Judge, dissenting.

Husband's motion to quash an execution must be sustained because the award of "Community Federal Checking Account No. 5102–7375 [having a value of] $10,-544.50" "did not constitute a money judgment against husband for that amount." *Gray v. Gray*, 649 S.W.2d 908, 911 (Mo. App.1983). The decree of dissolution included a money judgment for $48,160.42. The money judgment is not involved in the present dispute except to confirm the assigned value of the Community Federal account is not a money judgment.

It is wife's request for execution, not husband's motion to quash, which attempts to alter the decree. The underlying fault lies with wife, not husband. She testified the account had the assigned value. He told the dissolution court the money was not in the account. The problem is traceable to the failure of wife to support her oral testimony of value of the account by offering more substantial documentary proof. If the property valuation of $10,-544.50 is somehow convertible to a money judgment to support an execution then nothing would prevent parties who receive awards of bank accounts from ignoring the accounts and executing on any other property of the former spouse. If that is to be the law it is a matter for the legislature not the courts.

The motion court had jurisdiction to quash the execution. As a matter of law it should have.