**DIVISION OF EMPLOYMENT SECURI-
TY, STATE OF MISSOURI,**
Plaintiff–Respondent,

v.

**Patricia CUSUMANO,**
Defendant–Appellant.

No. 58517.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 2, 1991.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 7, 1991.

Application to Transfer Denied
June 11, 1991.

Christine Ann Gilsinan, Daniel R. Dever-
eaux, St. Louis, for defendant-appellant.

Larry Raymond Ruhmann, St. Louis, for
plaintiff-respondent.

STEPHAN, Judge.

Appellant, Patricia Cusumano, appeals from an order of the trial court denying her motion to quash garnishment and to strike certificate from records. The Division of Employment Security, State of Missouri (the "Division"), pursuant to Sections 288.380.11 and 288.160, RSMo 1978, computed and determined the amount of contributions, interest and penalties from O–K Restaurants, Inc. (the "Corporation"). Pursuant to Section 288.160.1, RSMo 1978, the Division notified appellant by certified mail of the assessment of tax liability on the basis of her alleged affiliation, as an officer, with the defunct corporation. The notice was sent to appellant at her last known address. On December 18, 1984, the return receipt for this notification was returned to the Division by the Postal Service. It was signed by Marie Cusumano, appellant's mother. Appellant failed to file a petition for reassessment within the thirty days permitted under Section 288.160.4, RSMo 1978. The assessment, therefore, became final upon the expiration of that period.

On February 8, 1985, the Division filed its certificate specifying the amount of contributions, interest and penalties due under the assessment. This certificate was filed with the circuit court and has the force and effect of a circuit court judgment. Section 288.160.5(4).

The Division filed its request for execution on January 10, 1989. On January 24, 1989, the Circuit Clerk issued a writ of execution against the Corporation and those doing business as the Corporation, including appellant. The summons to garnish appellant's wages was thereafter served on Monsanto Company, appellant's employer, on February 1, 1989.

Appellant moved to quash the execution of garnishment on February 22, 1989. A hearing was held on March 8, 1989. The trial court denied the motion on March 29, 1989.

Appellant filed a timely notice of appeal to this court on April 6, 1989. That appeal was dismissed as premature because Monsanto had not paid any monies into the court registry. *Division of Employment Security v. Cusumano*, 785 S.W.2d 310, 313 (Mo.App.1990), (*Cusumano I*).

A pay-in application was filed on April 17, 1990. Monsanto paid monies into the court registry on April 30, 1990; and the trial court, upon stipulation of the parties, issued its order not to pay out the monies pending resolution of this appeal.[1]

■ Several of the points raised by appellant in this appeal argue that the trial court erred in failing to sustain appellant's motion to quash garnishment because she was given insufficient notice of the proceedings against her. She argues that due process requires that she be served personally, not by certified mail.

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). "Notice by mail or other means as certain to ensure actual notice is a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interests of *any* party ... if its name and address are reasonably ascertainable." *Mennonite Board of Missions v. Adams*, 462 U.S. 791, 780, 103 S.Ct. 2706, 2712, 77 L.Ed.2d 180 (1983) (emphasis in original).

■ This action was commenced by the Division pursuant to Chapter 288, RSMo. Notice of the assessment was sent to appellant by certified mail. Section 288.160.1, RSMo 1978, provides, in pertinent part:

[T]he division shall give to such employer written notice of such estimated contributions, interest and penalties as so as-

---

1. Some of the facts recited above are borrowed from the opinion of Hamilton, J. in *Cusumano I.*

sessed, the notice to be served personally or by registered mail, directed to the last known principal place of business of such employer in this state or in any state in the event he has none in this state.[2]

Appellant argues that this statute is superseded by the Missouri Rules of Civil Procedure. Rule 41.02 states, "Rules 41 to 101, inclusive, are promulgated pursuant to authority granted this [Missouri Supreme] Court by Section 5 of Article V of the Constitution of Missouri and supersede all statutes and existing court rules inconsistent therewith." Appellant asserts that when the Division's certificate was filed with the circuit court, it automatically became an action pending before a circuit judge and brought the Division under the Rules of Civil Procedure. Rule 41.01(a)(2).

In 1984, when notice was served, this was an action before an administrative agency. It did not become an action pending before a circuit judge until January 10, 1989 when the Division filed its request for execution.

■ The fact that the certificate filed with the circuit court has "the force and effect of a judgment of the circuit court" is of no moment. This provision merely authorizes the Division to enforce its collection of the tax assessment. *See, Henry v. Manzella,* 201 S.W.2d 457, 460 (Mo. banc 1947). "Such bare authority calls for no exercise of judicial power ..." *Id.*

The Division's notice, therefore, met the statutory requirements of Section 288.160.-1, RSMo 1978. The notice was reasonably calculated to inform appellant of the action and afforded her an opportunity to object.

Appellant also argues that service of process was insufficient because she did not personally sign the certified mail receipt. The Division was, therefore, on notice that she had not received it. She cites *Division of Employment Security v. Smith,* 615 S.W.2d 66 (Mo. banc 1981) as authority for this proposition. In *Smith,* two individuals had their wages garnished by the Division

for overpayment of unemployment benefits. Notices were sent to both individuals by certified mail, but were returned undelivered by the postal service. Our Supreme Court held that the Division's knowledge that the notices were undelivered precluded the notices from meeting the requirements of *Mullane. Id.* at 68. The fact that the Division complied with the statute did not preclude a due process violation. *Id.*

*Smith* is distinguishable. The notice here was delivered to appellant's home, was received, and the return receipt was signed by an adult relative. There was no evidence that it was undelivered. It was reasonable for the Division to presume that appellant received the notice. There was no due process violation similar to the one in *Smith.*

Lastly, appellant argues that no proof of service was filed with the trial court. Appellant cites a number of cases in support of this argument, but they all involve service of process effectuated by either a sheriff or a special process server. We find appellant's argument inapplicable to the facts in issue.

We hold that appellant received notice designed to apprise her of the assessment against her; there was no due process violation under the facts presented to us. The judgment was, therefore, a proper, final judgment.

■ Appellant also raises two points on appeal which constitute defenses to the Division's action against her. A motion to quash execution of garnishment is a collateral attack on the judgment. *Smith v. Smith,* 797 S.W.2d 798, 800 (Mo.App.1990). Such a motion has merit only when the record affirmatively discloses that the judgment was void for lack of jurisdiction of the parties or subject matter. *Id.* A defense which might have been valid cannot be raised in a collateral proceeding. *Id.*

As stated, *supra,* the judgment was not void. Appellant had an opportunity to petition for reassessment. Section 288.160.4,

---

**2.** Notice was sent to appellant's home because she was a statutory trustee of a defunct corpora-

tion.

RSMo 1978. She would have then been afforded a hearing on her petition for reassessment. Section 288.190, RSMo 1978. If still dissatisfied she could have taken an appeal to the Labor and Industrial Relations Commission. Section 288.200, RSMo 1978. Following that, she could have filed an appeal to the Circuit Court. Section 288.210, RSMo 1978.

■ Judgments are conclusive of the matters adjudicated and are not subject to collateral attack except on jurisdictional grounds. *Ste. Genevieve County v. Fox,* 688 S.W.2d 392, 395 (Mo.App.1985). The judgment of a court having jurisdiction cannot be impeached collaterally by showing that the evidence on which it was based would have been insufficient on appeal to sustain the judgment. *Epperson v. Epperson,* 677 S.W.2d 950, 952 (Mo.App.1984). The trial court had both personal and subject matter jurisdiction. Appellant cannot now raise defenses in a collateral proceeding to an otherwise valid judgment.

Appellant raises one other point. She asserts that the trial court should have set aside the Division's certificate by considering her motion as one for relief pursuant to Rule 74.06 or as an independent equitable action. We disagree. The judgment against appellant was validly obtained. Appellant failed to show why equitable remedies should be applied under these facts. Appellant received notice at her home and was given the opportunity to contest the assessment. We will not fault the trial judge for failing to overturn a valid judgment.

The judgment is affirmed.

REINHARD, P.J., and CRANE, J., concur.

