**CENTURY STATE BANK, Respondent,**

v.

**Terry L. SAPP and Glenda K. Sapp, Appellants.**

**No. WD 47750.**

Missouri Court of Appeals, Western District.

Dec. 28, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 1, 1994.

Application to Transfer Denied March 22, 1994.

Danieal H. Miller, Columbia, for appellants.

Robert J. Dierkes, Hines and Dierkes Law Firm, Columbia, for respondent.

Before TURNAGE, P.J., and HANNA and ELLIS, JJ.

TURNAGE, Presiding Judge.

Century State Bank filed an action to revive a judgment entered in 1986 against Terry L. Sapp and Glenda K. Sapp. The court entered judgment reviving the judgment. The Sapps contend that the judgment of revival was improper because the original judgment was entered with a pending motion for a change of venue and in violation of their right to trial by jury. Affirmed.

In October 1984 Century filed suit against Michael Sapp and Cheryl Sapp and Terry L. Sapp and Glenda K. Sapp. Michael and Cheryl filed a motion for change of venue. Century did not file a denial. Shortly after Michael and Cheryl filed their motion for change of venue, Century dismissed as to them. Thereafter, the cause was set for trial on February 11, 1986.

The record reflects that on the day of trial Terry and Glenda were present without counsel and Century appeared by counsel. The court found that Terry and Glenda were in default. The record reflects that Terry and Glenda made no objection to the proceeding and made no request for a jury trial. After finding Terry and Glenda to be in default, the court heard evidence as to the amount due on the promissory note on which the suit was founded. The record reflects that Terry and Glenda did not cross-examine Century's witness and at the conclusion of the hearing the court entered judgment for the amount due on the note.

In April 1993 the court took up the motion to revive the 1986 judgment and entered judgment of revival. It is from the judgment of revival that Terry and Glenda appeal.

Terry and Glenda seek to defeat the judgment of revival by collaterally attacking the judgment entered in 1986. In *Division of Emp. Sec. v. Cusumano,* 809 S.W.2d 113,

116[6] (Mo.App.1991), the court held that "[j]udgments are conclusive of the matters adjudicated and are not subject to collateral attack except on jurisdictional grounds." Terry and Glenda contend they are making this collateral attack on jurisdictional grounds.

Terry and Glenda first contend that the court was without jurisdiction to enter judgment in 1986, and thus had no jurisdiction to enter judgment of revival, because the motion for change of venue filed by Michael and Cheryl was pending.

■ Assuming without deciding that the unruled motion for the change of venue filed by Michael and Cheryl deprived the court of jurisdiction and inured to the benefit of Terry and Glenda, the record indicates that in 1986 when this cause came on for trial that Terry and Glenda appeared and made no objection to the court proceeding.[1] Specifically, they made no objection on the ground that the motion for change of venue remained unruled. In *Vermillion v. Burlington Northern R. Co.*, 813 S.W.2d 947, 949[2] (Mo.App.1991), the court held that a motion may be waived or abandoned by failing to proceed on such motion or by continuing the trial before the motion is determined in a manner which is not consistent with the object of the motion. By appearing at trial and remaining silent when the court proceeded, Terry and Glenda waived any objection which they had to the court proceeding without ruling on the motion for change of venue.[2]

■ Terry and Glenda also contend that the court had no jurisdiction to enter the 1986 judgment because at the hearing in 1986 they were denied a jury trial and denied the right to be heard, present evidence, or to cross-examine Century's witness. Even if this contention raised a jurisdictional defect, it is of no avail. Terry and Glenda boldly assert this contention of error in the face of the record which reveals that they were present at the trial in 1986 but made no request for a jury trial, made no request to be heard or present evidence, or to be allowed to cross-examine Century's witness. Rule 69.-01(b)(4) provides that a jury trial is waived "by entering into trial before the court without objection." In *Ballard v. Ryan*, 646 S.W.2d 398, 401[8] (Mo.App.1983), the court stated, "No request for a jury or objection to the failure to have a jury was made by defendants before trial. By entering into a trial before the court without objection, trial by jury is waived. Rule 69.01(b)(4)." Terry and Glenda appeared at the trial in 1986 and allowed the trial to proceed without making any objection that the court was hearing the cause without a jury. They thereby waived their right to a jury trial.[3]

Because the record does not demonstrate that the court lacked jurisdiction to enter the 1986 judgment, it had jurisdiction to do so.

Finding that the 1986 judgment is not infirm on the grounds urged by Terry and Glenda, it follows that the judgment of revival was properly entered. The judgment of revival is affirmed.

All concur.

■

---

1. Although this court entertains considerable doubt that Terry and Glenda could treat a motion for change of venue filed by Michael and Cheryl as if the motion had been filed by themselves, it is not necessary to reach that question in view of the disposition of the point which Terry and Glenda raise. When Terry and Glenda appeared at the trial, they made no objection to the court proceeding with the trial, and made no mention of the pending motion for change of venue.

2. It should be made clear that Terry and Glenda never filed a motion for a change of venue but seek only to rely on the motion for change of venue filed by Michael and Cheryl.

3. It may be that Terry and Glenda were not entitled to a jury trial under Rule 74.10 as that Rule existed in 1986 because Rule 74.10 gave the plaintiff the right to have a jury assess his damages when the defendant was in default. The present Rule 74.05 provides that after an interlocutory order of default any party may demand a jury to assess the damages. The question of whether or not Terry and Glenda were entitled to a jury trial is not reached because Terry and Glenda entered into the trial before the court without objection and thus waived their right, if any, to a jury trial.