FORMS WORLD, INC., Appellant,

v.

LABOR AND INDUSTRIAL RELATIONS COMMISSION and Division of Employment Security, Respondents.

No. WD 52553.

Missouri Court of Appeals, Western District.

Oct. 15, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 26, 1996.

Application to Transfer Denied Jan. 21, 1997.

James P. Beck, Sullivan & Beck, St. Louis, for appellant.

Ronnae L. Coleman, Kansas City, for respondents.

1. All statutory references are to RSMo 1994,

Before ELLIS, P.J., and LOWENSTEIN and LAURA DENVIR STITH, JJ.

ELLIS, Presiding Judge.

Forms World Inc. (Appellant) appeals from the decision of the Labor and Industrial Relations Commission assigning Forms World an unemployment contribution rate of 7.02 percent for 1993 and 7.860 percent for 1994.

■ This case is governed by Chapter 288, the Missouri Employment Security Law. This law is to be liberally construed to accomplish its purpose. § 288.020.2. The general purpose of the law is to provide for the compulsory setting aside of unemployment reserves to be used for the benefit of persons unemployed through no fault of their own. *O'Dell v. Division of Employment Sec.*, 376 S.W.2d 137, 141 (Mo. banc 1964); § 288.020.1.[1]

Pursuant to the Missouri Employment Security Law, on or before the last day of the month following each calendar quarter, employers are required to complete and file with the Division of Employment Security contribution and wage reports identifying their employees and the wages paid to them in that calendar quarter. 8 CSR 10–4.030(1). The employer's contributions due for that quarter must be paid to the Division on or before the last day of the month following said calendar quarter. 8 CSR 10–4.030(2).

The Appellant failed to file the required contribution and wage reports for all of 1992 and 1993. As a result, the Division administratively estimated the wages the Appellant paid to its employees during these years based on information in the Division's possession. § 288.160.1. Based on its estimations, the Division computed and assessed the contributions, interest and penalties owed by the Appellant for 1993 and 1994. § 288.160.1. Because the Appellant failed to file the required reports, the Division assigned it a penalty contribution rate of 5.4 percent and a surcharge of 1.62 percent for 1993, and a penalty contribution rate of 5.4 percent, a surcharge of 2.16 percent, and an additional surcharge

unless otherwise noted.

of three tenths percent for 1994. § 288.126; § 288.121.

The Division mailed the Appellant notice of its contribution rate determinations for 1993 and 1994, on November 16, 1992 and November 15, 1993, respectively. The president of the Appellant corporation never received the rate determination notices because, on or about July 31, 1992, unbeknownst to its president, his wife contacted the Division and requested a change of the corporation's mailing address.[2] Although she indicated to the Division that she was the vice-president of the corporation, in fact, she had not been a corporate officer since the mid-eighties and was not authorized to change the corporation's business address.[3] However, the Division was never notified that she was no longer a corporate officer. Moreover, the wife was identified as the vice-president of the corporation on the original Report on Employment Experience, filed with the Division in September of 1977.[4] Nothing in the record indicates that the Appellant ever updated this information with the Division.

The Appellant had thirty days from the date the notice was mailed within which to file the required reports and information with the Division in order that its information, rather than the Division's estimates, be used in determining its contribution rates for 1993 and 1994. § 288.126.1. When the Appellant did not file its reports by December 16, 1992, and December 15, 1993, respectively (thirty days from the dates of mailing), the Appellant was assigned the administratively determined rates.

Upon discovering that the required reports and information for 1992 and 1993 had not been filed with the Division, the Appellant filed them on June 17, 1994, and June 21, 1994, respectively. Thereafter, on September 23, 1994, the Appellant appealed the administratively determined contribution rates for 1993 and 1994.[5] After a hearing, the Appeals Tribunal concluded the Division correctly assigned the Appellant penalty contribution rates for 1993 and 1994, because:

[u]nder Section 288.126 an employer has 30 calendar days following the date of mailing of the determination of the contribution rate to file the required reports and information, and have that information used in a determination of the employer's contribution rate. The Appellant had until December 16, 1992, to file the reports required for the determination of the 1993 contribution rate, and until December 15, 1993, to file the reports required for the determination of the 1994 rate. The reports were not filed by the Appellant until June 17, 1994, and June 21, 1994.

Thereafter, the Appellant filed an Application for Review by the Labor and Industrial Relations Commission. On November 20, 1995, the Commission affirmed the findings of the Appeals Tribunal and adopted them as its own. The Appellant appeals the Commission's decision.

 Our review of the Commission's decision is limited. *Kansas City Club v. Labor & Indus. Relations Comm'n,* 840 S.W.2d 273, 274 (Mo.App. W.D.1992). We may not substitute our judgment on factual matters for

---

2. In fact, the new address was the couples' home address. However, there is no evidence the Division knew this. When the president discovered the address change in September of 1994, he requested the Division change the address to a post office box.

3. The wife had been removed from office due to her deteriorating mental condition. She has been diagnosed as passive aggressive, exhibiting severe obsessive compulsive behavior, schizophrenic, and suicidal.

4. The fact that she was no longer an officer was reflected in the Annual Registration Reports for the years 1988 through 1994 filed with the Secretary of State of Missouri. However, the Division was not privy to those reports.

5. In order to appeal an administrative determination, a written appeal must be filed "within fifteen days following the date of notification or the mailing of such determination to the party's last known address." § 288.130.3. However, a Division deputy may, for good cause, (1) extend the fifteen day period § 288.130.4; and/or, (2) reconsider the determination at any time within a year from the date of his determination. § 288.130.3. "Good cause" may be found where the "circumstances ... are completely beyond the reasonable control of the party ... if that party acts as soon as practical under the circumstances." 8 CSR 10–5.040. The Division allowed the late filing of the appeal based on a finding of good cause.

that of the Commission. *Travelers Equities Sales, Inc. v. Div. of Employment Sec.*, 927 S.W.2d 912, 916–17 (Mo.App.W.D.1996). The Commission's findings, if supported by competent and substantial evidence and absent fraud, are conclusive. § 288.210. Substantial evidence is competent evidence from which a trier of fact can reasonably decide the case. *Garrett v. Overland Garage & Parts, Inc.*, 882 S.W.2d 188, 191 (Mo.App. E.D.1994).

■ We follow a two-step process in determining whether the Commission's findings are supported by competent and substantial evidence:

In the first step, the court examines the whole record, viewing the evidence and all reasonable inferences drawn therefrom in the light most favorable to the award, to determine if the record contains sufficient competent and substantial evidence to support the award. If not, the Commission's award must be reversed. If there is competent and substantial evidence supporting the award, the court moves to the second step, where it views the evidence in the light most favorable to the award, but must consider all evidence in the record, including that which opposes or is unfavorable to the award, take account of the overall effect of all of the evidence, and determine whether the award is against the overwhelming weight of the evidence.

*Davis v. Research Medical Ctr.*, 903 S.W.2d 557, 571 (Mo.App. W.D.1995).[6]

■ In its sole point on appeal, the Appellant claims the Commission erred in affirming the decision of the Appeals Tribunal because it ignored the notice requirement contained in § 288.126. Specifically, the Appellant contends that the Commission's finding that the administrative assignment of penalty rates was appropriate because the

Appellant failed to file the required reports within thirty days of the date of notice was not supported by competent and substantial evidence because the Commission concluded the Appellant never received notice.

■ Notice is "an elementary and fundamental requirement of due process in any proceeding which is to be accorded finality." *Division of Employment Sec. v. Smith*, 615 S.W.2d 66, 68 (Mo. banc 1981) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950)). The notice must be "reasonably calculated under all the circumstances to apprise interested parties of the pendency of the action and afford them an opportunity to present their objection." *Id.*

■ Section 288.160.1 governs notice of contributions, interest and penalties to employers under the Missouri Employment Security Law. Pursuant to § 288.160.1, the Appellant was entitled to written notice served personally or by registered mail, directed to its last known principal place of business.[7] There is competent and substantial evidence in the record that the Division provided the Appellant notice which was reasonably calculated to apprise it of the assignment of penalty rates for 1993 and 1994, in compliance with § 288.160.1.

The Division mailed the Appellant notice of its 1993 and 1994 contribution rates on November 16, 1992, and November 15, 1993, respectively. Neither party disputes this finding, nor does the Appellant challenge the Division's method of mailing the notices.[8] The notices were mailed to the address on file with the Division.[9] Again, neither party disputes this finding. According to § 288.160.1, the Division was obligated only to mail the notice to the Appellant's last known business address. The notice was

---

6. This court has previously found *Davis v. Research Medical Center*, 903 S.W.2d 557 (Mo.App. 1995), to be applicable to employment security decisions as well as worker's compensation decisions. *Travelers Equities Sales, Inc. v. Div. of Employment Security*, 927 S.W.2d 912, 917–18 (Mo.App.W.D. 1996).

7. The statute does not require that the Division ensure Forms World had actual knowledge of the contents of the notice.

8. Section 288.160.1 requires that the notice be sent by registered mail. There is no evidence in the record as to the method of mailing.

9. Although this address was the home address of the Forms World president, there is no evidence the Division was aware of this fact.

mailed to the Appellant's address as it appeared in the Division's files, and, on the present record, that constituted proper notice under § 288.160.1. *Slay Warehousing Co., Inc. v. Leggett,* 762 S.W.2d 63, 65 (Mo. App. E.D.1988).

Nonetheless, the Appellant's president claims the Division wrongly directed the notices to this address because his wife had no authority to make the address change. Because the wife was identified as the vice-president on the Report of Employment Experience, it was reasonable for the Division to assume she had the authority to change the business address and to make the change at her request. The facts here neither create nor trigger a duty on the Division to inquire and discover the Appellant's correct address. *See Slay Warehousing Co., Inc. v. Leggett,* 762 S.W.2d at 65. Furthermore, nothing in the record indicates that notice was not delivered and received at this address. It was, therefore, reasonable for the Division to presume the Appellant received the notice at the last known business address. *See Division of Employment Sec. v. Cusumano,* 809 S.W.2d 113, 115 (Mo.App. E.D.1991); *Division of Employment Sec. v. Smith,* 615 S.W.2d at 68.

 Since the parties do not dispute the facts evidencing notice, the remaining issue—the application of § 288.126 to the facts—is one of law. *Missouri Div. of Employment Sec. v. Labor & Indus. Relations Comm'n,* 620 S.W.2d 36, 38 (Mo.App. W.D. 1981).

> Findings and awards of the Commission which are clearly the interpretation or application of the law, as distinguished from a determination of facts, are not binding on the court and fall within the court's providence of independent review and correction where erroneous. And, where the findings of ultimate fact are reached not by a process of natural reasoning from the facts alone, but rather by application of law, it is a conclusion of law and subject to reversal by the court.

*Davis v. Research Medical Ctr.,* 903 S.W.2d at 571. This court does, however, afford the Commission's interpretation of § 288.126 great weight. *Roberts v. Labor & Indus.*

*Relations Comm'n,* 869 S.W.2d 139, 142 (Mo. App.W.D.1993).

Section 288.126 provides, in pertinent part:

> [i]f ... the required reports and information are filed with the division within thirty calendar days following the date the employer is notified of its contribution rate, that information will be used in a determination of the employer's contribution rate as provided in this chapter. (emphasis added).

The Appellant was notified of the rate determinations on November 16, 1992, and November 15, 1993. Accordingly, the Commission found that, under § 288.126, the Appellant had "30 calendar days following the date of mailing of the determination of the contribution rate to file the required reports and information, and have that information used in a determination of the employer's contribution rate." Because the Appellant failed to file the required reports within the statutory period, the Commission correctly assigned the appellant penalty contribution rates for 1993 and 1994.

The Commission's decision is affirmed.

All concur.