

# In the Missouri Court of Appeals
## Eastern District

### DIVISION FOUR

| | | |
|---|---|---|
| CHERYL DICKERMAN, | ) | No. ED112119 |
| | ) | |
| Appellant, | ) | Appeal from the Labor and Industrial |
| | ) | Relations Commission |
| vs. | ) | |
| | ) | |
| AMAZON.COM, INC., and | ) | |
| DIVISION OF EMPLOYMENT | ) | |
| SECURITY, | ) | |
| | ) | Filed: May 28, 2024 |
| Respondents. | ) | |

John P. Torbitzky, P.J., James M. Dowd, J., and Michael S. Wright, J.

### OPINION

This unemployment compensation case arose in April 2020, when Appellant Cheryl Dickerman quit her job at Amazon due to her concerns about the COVID-19 pandemic. A year later, on April 21, 2021, the Division of Employment Security issued its determination disqualifying Dickerman from receiving benefits because she voluntarily quit without good cause attributable to Amazon. In late September 2021, Dickerman received a decision from the Division that she owed benefits that had been overpaid to her and on October 17, 2021, Dickerman wrote a letter with the subject line "Re: Overpayment ID: 853739" to the Division purporting to appeal that September overpayment decision.

On September 6, 2022, the Appeals Tribunal treated her letter as an appeal of the Division's 2021 disqualification determination – not an appeal of the overpayment decision – and found that it was untimely. Nearly one year later, on August 29, 2023, Dickerman filed an application for review of the Appeals Tribunal's September 6 decision in which she claimed she did not receive that decision and requested the opportunity to demonstrate "good cause" for her untimeliness. The Commission dismissed her application for review as untimely since she filed it almost one year late.

Dickerman now claims that the Commission erred in dismissing her appeal as untimely because: (1) she never received a copy of the September decision and thus did not receive due process on her claim; (2) its finding that she received a copy because it mailed it to her is not supported by competent and substantial evidence; and (3) the Appeals Tribunal violated her due process rights by treating her October 2021 letter as an appeal of the Division's disqualification decision but not an appeal of its overpayment decision.

We reverse based on Point III because the Commission should have found that Dickerman's October 2021 letter was an appeal of the overpayment decision, not of the disqualification decision, and then should have remanded the case to the Appeals Tribunal to address the overpayment decision.

**Background**

Dickerman quit her job at Amazon on April 21, 2020 due to her concerns about the COVID-19 pandemic. A year later on April 21, 2021, a deputy of the Division determined that Dickerman quit her job voluntarily and without good cause attributable to Amazon because work was still available despite the pandemic and therefore Dickerman was disqualified from receiving benefits. Dickerman did not timely appeal that decision.

On September 27, 2021, Dickerman received a notice that she had been overpaid benefits and that she owed them back. On October 17 or 18, 2021, Dickerman sent a letter to the Division regarding the overpayment decision. Dickerman wrote, "I am appealing the above overpayment decision as I disagree that I should have ever been denied unemployment compensation …." She further claimed that the reasoning in the disqualification decision was not the deciding factor as to why she quit her job at Amazon and she questioned its finding that continuing work was available.

On September 6, 2022, the Appeals Tribunal dismissed her October appeal as untimely because it interpreted the October letter as an appeal of the April 2021 disqualification decision only and not as an appeal of the overpayment decision. Dickerman claims that she never received the September dismissal and only learned of it in May 2023 in connection with her overpayment appeal litigation. For its part, the Division claims it sent the dismissal via e-mail. In response, Dickerman claims she formally notified the Division of her choice to receive communications from the Division through its website, Uinteract. Finally, a screenshot of Dickerman's Uinteract portal includes a "Certification of Mailing of Notice of Decision," but the dismissal order itself was apparently not accessible through the portal.

On July 28, 2023, Dickerman appealed the April 2021 *disqualification* decision. The Appeals Tribunal neither docketed nor ruled upon this appeal. On August 29, 2023, Dickerman filed an untimely application for review to the Labor and Industrial Relations Commission of the September 2022 dismissal. On October 3, 2023, the Commission dismissed this application for review finding it untimely because Dickerman did not file her application for review of the Appeal Tribunal's September dismissal within the required thirty days. This appeal follows.

3

**Standard of Review**

Our review of the Commission's decision is governed by the Missouri Constitution and section 288.210[1]. We review whether the Commission's decision is "authorized by law" and "supported by competent and substantial evidence upon the whole record." MO. CONST. art. V, § 18. Moreover, section 288.210 allows this Court to modify, reverse, remand for rehearing, or set aside the Commission's decision if the Commission acted without or in excess of its powers; that it procured the decision by fraud; that the facts found by the Commission do not support the award; or there was no sufficient competent evidence in the record to warrant the making of the award. *Dewes v. Div. of Emp. Sec.,* 660 S.W.3d 489, 493-94 (Mo. App. W.D. 2023).

This Court will affirm the decision of the Commission if, "upon a review of the whole record that there is sufficient competent and substantial evidence to support the Commission's decision." *C.L.E.A.N., LLC v. Division of Employment Sec.*, 405 S.W.3d 613, 619 (Mo. App. W.D. 2013) (quoting *E.P.M. Inc. v. Buckman*, 300 S.W.3d 510, 513 (Mo. App. W.D. 2009). "If evidence before an administrative body would warrant either of two opposed findings, the reviewing court is bound by the administrative determination and it is irrelevant that there is supportive evidence for the contrary finding." *Bd. Of Educ., Mt. Vernon School v. Shank*, 542 S.W.2d 779, 782 (Mo. banc 1976). We review questions of law de novo. *Difatta-Wheaton v. Dolphin Cap. Corp.*, 271 S.W.3d 594, 595 (Mo. banc 2008).

**Discussion**

In her first point on appeal, Dickerman claims that the Commission violated her due process rights when it dismissed her appeal as untimely because she claims she did not receive a copy of the September 2022 dismissal. In her second point, Dickerman claims that the

---

[1] All statutory references are to the Revised Statutes of Missouri (2016).

Commission's finding that she received a copy of the dismissal is not supported by competent and substantial evidence. Addressing these points together, we find that there is substantial and competent evidence that the Division sent notice of the dismissal.

"Notice is an elementary and fundamental requirement of due process in any proceeding which is to be accorded finality." *Forms World, Inc. v. Labor and Indus. Relations Com'n*, 935 S.W.2d 680, 684 (Mo. App. W.D. 1996) (internal quotations omitted). However, "due process does not require that the interested party actually receive the notice." *Clear v. Missouri Coordinating Bd. For Higher Educ.*, 23 S.W.3d 896 (Mo. App. E.D. 2000). The notice must be "reasonably calculated under all the circumstances to apprise interested parties of the pendency of the action and afford them an opportunity to present their objection." *Forms World*, 935 S.W.2d at 684. Section 288.247.1 states that "any notice, determination, decision … may be transmitted solely by electronic means to any employing unit or claimant, unless an alternative method of transmittal is requested by the … claimant. The date the division transmits such notice, determination, or decision … shall be the date of mailing or notification."

Here, the record shows that the Division emailed Dickerman the notice of the dismissal. First, the "Certificate of Mailing," which was signed by the Division's referee, substantiates that the Division sent the dismissal to Dickerman via e-mail on September 6, 2022. The Division's UInteract records also shows that it emailed the "Referee Dismissal Order Letter for Late Appeal" to Dickerman on September 6. Lastly, Dickerman's UInteract portal shows that she received a "Certification of Mailing of Notice of Decision." We find this to be substantial and competent evidence that the Division sent Dickerman notice of the dismissal. *Harris v. Ralls County*, 588 S.W.3d 579, 594 (Mo. App. E.D. 2019). Points I and II are denied.

In her third point on appeal, Dickerman claims that the Appeals Tribunal acted outside of its authority in failing to treat Dickerman's October 2021 letter as an appeal of the Division's overpayment decision. We agree that the Appeals Tribunal erred because Dickerman's letter was an appeal of the overpayment decision and thus the Commission's finding that the letter was an appeal of the disqualification is not supported by substantial and competent evidence.

The statutory procedures set forth for appeals in unemployment security cases are mandatory. *Harden v. Div. Emp't. Sec.*, 655 S.W.3d 796, 800 (Mo. App. S.D. 2022). An appeal from a disqualification determination must be filed within thirty days after the determination is delivered in person or mailed to the claimant. Section 288.070.6. If an appeal is not filed, the decision becomes final. *Id*. This deadline also applies to non-fraudulent overpayment determinations. *Schmidt v. Ritter Horticultural Services, Inc.*, 678 S.W.3d 134, 136 (Mo. App. E.D. 2023). This thirty-day window may be extended for good cause if the claimant can show that she acted in good faith and reasonably under all the circumstances. Section 288.070.10; *Harden*, 655 S.W.3d at 800.

A party appealing the Appeals Tribunal's decision also has thirty days to file an application for review with the Commission. Section 288.190.3; *Schmidt*, 678 S.W.3d at 136. In the event of an untimely application for review with the Commission, "the Commission has no authority to consider the merits of the application for review, and dismissal is proper." *Dewes*, S.W.3d at 494. "Unlike the thirty-day window governing appeals to the Appeals Tribunal which may be extended for good cause, see [section] 288.070.10, the thirty-day window set forth in section 288.200.1 governing applications for review with the Commission has been interpreted to contain no good cause exception." *Id*.

The court of appeals has recently reversed and remanded cases where the Commission has dismissed applications for review as untimely, yet the record shows that significant procedural mistakes during the proceedings. *Schmidt*, 678 S.W.3d at 135-36; *Dewes*, 660 S.W.3d at 490. In *Schmidt*, the Commission treated claimant's letter asking the Appeals Tribunal to reconsider the Division's *overpayment* determination as an application for review of the Appeals Tribunal's *disqualification* determination and then dismissed the letter as untimely. On appeal, claimant argued that his letter was an appeal of the Division's overpayment determination rather than the Appeals Tribunal's disqualification determination and thus it was not untimely. *Id.* The Court agreed and reversed the Commission's dismissal, finding that claimant's letter, even though it referenced both the overpayment determination and the disqualification, was an appeal of the overpayment determination because it "explicitly challenged the overpayment determinations." *Id.* at 137. The Court remanded with directions that claimant's appeal of the overpayment determination to the Appeals Tribunal be reinstated for a determination on the merits. *Id.*

Furthermore, in *Dewes*, 660 S.W.3d at 490, the Court found that the Commission's dismissal due to an untimely application for review was not competent or lawful because the Commission did not address the appropriate application for review nor did it identify the correct date of the Appeals Tribunal's decision. The Court remanded to the Commission to address the timeliness of the appropriate application for review and, if timely, to address the application's merits.

Similarly, here, while Dickerman did not file an application for review of the Appeals Tribunal's September 6, 2022 dismissal until August 29, 2023, we nevertheless find that the Commission erred because its decision was premised upon the Appeals Tribunal's incorrect

7

interpretation of her October 2021 appeal letter.   Since her letter was an appeal of the overpayment, the Appeals Tribunal should have treated it as such and the September 6, 2022 decision dismissing her letter as untimely is also incorrect and should not have occurred.  Instead, the Appeals Tribunal should have separately considered her July 28, 2023 appeal of the disqualification decision, which is undoubtedly untimely but eligible to be extended for good cause, and then the Commission should have remanded the case back to the Appeals Tribunal to decide Dickerman's overpayment appeal.

This case depicts a familiar series of unfortunate events that this Court continues to observe in unemployment cases in which claimants, typically unrepresented, are subject to the Division's confusing procedures and communications practices.  Thus, we encourage the Division's efforts to improve.

### Conclusion

Based on the foregoing, we reverse the Commission's decision with instructions to remand Dickerman's appeal of the overpayment decision back to the Appeals Tribunal for a decision on the merits.

_____
James M. Dowd, Judge

John P. Torbitzky, P.J. and
Michael S. Wright, J. concur.